FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DEC 2 2 2006

DAVID J. MALAND, CLERK
BY
DEPUTY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, <br><br> Plaintiff, <br><br> v. <br><br> Toshiba America Information Systems, Inc, a California corporation, Nintendo of America, Inc., a Washington Corporation, Fujitsu Computer Systems Corporation, a California corporation, ASUS Computer International, a California corporation, D-Link Systems, Inc., a California corporation, Belkin Corporation, a Delaware corporation, Accton Technology Corporation USA, a California corporation, SMC Networks, Inc., a Delaware corporation, and 3Com Corporation, a Delaware corporation, <br><br> Defendants. | Civil Action No. 6:06CV550 <br><br> Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Commonwealth Scientific and Industrial Research Organisation ("CSIRO") for its Complaint against Defendants Toshiba America Information Systems, Inc., Nintendo of America, Inc., Fujitsu Computer Systems Corporation, ASUS Computer International, D-Link Systems, Inc., Belkin Corporation, Accton Technology Corporation USA, SMC Networks, Inc., and 3Com Corporation (collectively "Defendants") alleges:

### THE PARTIES

1. CSIRO is one of the largest and most diverse scientific research institutions in the world, and has a principal place of business at Limestone Avenue, Campbell ACT 2612, Australia.

2. CSIRO is informed and believes, and on that basis alleges, that Toshiba America Information Systems, Inc. ("Toshiba") is a California corporation with its principal place of business at 9740 Irvine Boulevard, Irvine, California 92618.

3. CSIRO is informed and believes, and on that basis alleges, that Nintendo of America, Inc. ("NOA") is a Washington corporation with its principal place of business at 4820 150th Avenue N.E., Redmond, Washington 98052.

4. CSIRO is informed and believes, and on that basis alleges, that Fujitsu Computer Systems, Inc. ("Fujitsu") is a California corporation with its principal place of business at 1250 East Arques Avenue, Sunnyvale, California 94085.

5. CSIRO is informed and believes, and on that basis alleges, that ASUS Computer International ("ASUS") is a California corporation with its principal place of business at 4370 Nobel Drive, Fremont, CA 94538.

6. CSIRO is informed and believes, and on that basis alleges, that D-Link Systems, Inc. ("D-Link") is a California corporation with its principal place of business at 17595 Mt. Herrmann Street, Fountain Valley, California 92708.

7. CSIRO is informed and believes, and on that basis alleges, that Belkin Corporation ("Belkin") is a Delaware corporation with its principal place of business at 501 West Walnut Street, Compton, California 90220.

8. CSIRO is informed and believes, and on that basis alleges, that Accton Technology Corporation USA ("Accton") is a California corporation with its principal place of business at 2880 Lakeside Drive, Suite 200, Santa Clara, California 95054.

9. CSIRO is informed and believes, and on that basis alleges, that SMC Networks, Inc. ("SMC") is a Delaware corporation with its principal place of business at 38 Tesla, Irvine, California 92618.

10. CSIRO is informed and believes, and on that basis alleges, that 3Com Corporation ("3Com") is a Delaware corporation with its principal place of business at 350 Campus Drive, Marlborough, Massachusetts 01752.

## JURISDICTION AND VENUE

11.   The court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§1 *et seq.* Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that each Defendant has done business in this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling CSIRO to relief.

## INFRINGEMENT OF U.S. PATENT NO. 5,487,069

12.   On January 23, 1996, United States Patent No. 5,487,069 (the "'069 patent") was duly and legally issued for an invention entitled "Wireless LAN." CSIRO holds all rights and interest in the '069 patent. A true and correct copy of the '069 patent is attached hereto as Exhibit A.

13.   Upon information and belief, Toshiba has infringed directly and indirectly and continues to infringe directly and indirectly the '069 patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the IEEE 802.11a and/or 802.11g standards. Toshiba is liable for infringement of the '069 patent pursuant to 35 U.S.C. § 271.

14.   Upon information and belief, NOA has infringed directly and indirectly and continues to infringe directly and indirectly the '069 patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the IEEE 802.11a and/or 802.11g standards. NOA is liable for infringement of the '069 patent pursuant to 35 U.S.C. § 271.

15.   Upon information and belief, Fujitsu has infringed directly and indirectly and continues to infringe directly and indirectly the '069 patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the IEEE 802.11a and/or 802.11g standards. Fujitsu is liable for infringement of the '069 patent pursuant to 35 U.S.C. § 271.

16.     Upon information and belief, ASUS has infringed directly and indirectly and continues to infringe directly and indirectly the '069 patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the IEEE 802.11a and/or 802.11g standards. ASUS is liable for infringement of the '069 patent pursuant to 35 U.S.C. § 271.

17.     Upon information and belief, D-Link has infringed directly and indirectly and continues to infringe directly and indirectly the '069 patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the IEEE 802.11a and/or 802.11g standards. D-Link is liable for infringement of the '069 patent pursuant to 35 U.S.C. § 271.

18.     Upon information and belief, Belkin has infringed directly and indirectly and continues to infringe directly and indirectly the '069 patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the IEEE 802.11a and/or 802.11g standards. Belkin is liable for infringement of the '069 patent pursuant to 35 U.S.C. § 271.

19.     Upon information and belief, Accton has infringed directly and indirectly and continues to infringe directly and indirectly the '069 patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the IEEE 802.11a and/or 802.11g standards. Accton is liable for infringement of the '069 patent pursuant to 35 U.S.C. § 271.

20.     Upon information and belief, SMC has infringed directly and indirectly and continues to infringe directly and indirectly the '069 patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the IEEE 802.11a and/or 802.11g standards. SMC is liable for infringement of the '069 patent pursuant to 35 U.S.C. § 271.

21.     Upon information and belief, 3Com has infringed directly and indirectly and continues to infringe directly and indirectly the '069 patent. The infringing acts include, but are

not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the IEEE 802.11a and/or 802.11g standards. 3Com is liable for infringement of the '069 patent pursuant to 35 U.S.C. § 271.

22. The acts of infringement by Defendants, and each of them, have caused damage to CSIRO and CSIRO is entitled to recover from Defendants, and each of them, the damages sustained by CSIRO as a result of their wrongful acts in an amount subject to proof at trial. The infringement of CSIRO's exclusive rights under the '069 patent by Defendants, and each of them, will continue to damage CSIRO, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

23. Upon information and belief, Defendants, and each of them, have knowledge of their infringement of the '069 patent, yet each Defendant continues to infringe said patent. The infringement of the '069 patent by Defendants, and each of them, is willful and deliberate, entitling CSIRO to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### JURY DEMAND

24. CSIRO hereby demands a trial by jury on all issues.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff CSIRO requests entry of judgment in its favor and against Toshiba, NOA, Fujitsu, ASUS, D-Link, Belkin, Accton, SMC, and 3Com as follows:

a) Declaration that Defendants, and each of them, have infringed the '069 patent;

b) Permanently enjoining Defendants, and each of them, their officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of the '069 patent;

c) Awarding the damages arising out of the infringement of the '069 patent by Defendants, and each of them, including enhanced damages pursuant to 35 U.S.C. § 284, to CSIRO, together with prejudgment and post-judgment interest, in an amount according to proof;

d) An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e) For such other costs and further relief as the Court may deem just and proper.

DATED: December 22, 2006

Respectfully submitted,

By: *[signature]*
S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@bmoh.com
BROWN McCARROLL LLP
1127 Judson Road, Suite 220,
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Daniel J. Furniss
CA State Bar No. 73531
djf@townsend.com
Byron W. Cooper
CA State Bar No. 166578
bwc@townsend.com
Gary H. Ritchey
ghritchey@townsend.com
CA State Bar No. 136209
Gregory S. Bishop
CA State Bar No. 184680
gsbishop@townsend.com
Thomas F. Fitzpatrick
CA State Bar No. 193565
tffitzpatrick@townsend.com
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA 94301
Telephone: (650) 326-2400
Facsimile: (650) 326-2422

Attorneys for Plaintiff
COMMONWEALTH SCIENTIFIC AND
INDUSTRIAL RESEARCH

60945179 v1

AUS:3856379.1
1.815