## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## TYLER DIVISION

| | | |
|---|---|---|
| **COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION,** | § § § § | |
| | § | **Civil Action No. 6:-06-CV-550-LED** |
| **Plaintiff,** | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **TOSHIBA AMERICA INFORMATION SYSTEMS, INC., A CALIFORNIA CORPORATION, ET AL,** | § § § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT ASUS COMPUTER INTERNATIONAL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT, AND COUNTERCLAIMS AGAINST COMMONWEATH SCIENTIFIC INDUSTRIAL RESEARCH ORGANIZATION

ASUS Computer International ("ACI"), defendant in the above-entitled and numbered civil action, answers Commonwealth Scientific and Industrial Research Organization's ("CSIRO") Original Complaint and Counterclaims against CSIRO as follows:

### ANSWER

### THE PARTIES

1.      ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Original Complaint, and therefore denies the same.

2.      ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Original Complaint, and therefore denies the same.

3.      ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Original Complaint, and therefore denies the same.

4.      ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Original Complaint, and therefore denies the same.

5.      ACI admits that it is a California corporation with its principal place of business at 44370 Nobel Drive, Fremont, CA  94538.

6.      ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Original Complaint, and therefore denies the same.

7.      ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Original Complaint, and therefore denies the same.

8.      ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Original Complaint, and therefore denies the same.

9.      ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Original Complaint, and therefore denies the same.

10.     ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Original Complaint, and therefore denies the same.

## JURISDICITION AND VENUE

11.     ACI admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 1 *et. seq.* ACI admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).  However, ACI denies every other allegation in Paragraph 11, including the allegations that ACI has committed acts of infringement and continues to commit acts of infringement in this District.

## INFRINGEMENT OF U.S. PATENT NO. 5,487,069

12.     ACI admits that Exhibit A to the Original Complaint appears to be a copy of U.S. Patent No. 5,487,069 ("the '069 patent").  ACI admits that, on its face, Exhibit A states that the '069 Patent issued on January 23, 1996.  ACI admits that Exhibit A states that its title is "Wireless LAN."  Except as expressly admitted, ACI otherwise denies each and every allegation in allegation contained in Paragraph 12.

13.     ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Original Complaint, and therefore denies the same.

14.     ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Original Complaint, and therefore denies the same.

15.     ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Original Complaint, and therefore denies the same.

16.     ACI denies all of the allegations in Paragraph 16 of the Original Complaint.

17.     ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Original Complaint, and therefore denies the same.

18.     ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Original Complaint, and therefore denies the same.

19.     ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Original Complaint, and therefore denies the same.

20.     ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Original Complaint, and therefore denies the same.

21.     ACI is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Original Complaint, and therefore denies the same.

22.     ACI denies all of the allegations in Paragraph 22 as to ACI.  ACI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Original Complaint, and therefore denies the same.

23.     ACI denies all of the allegations in Paragraph 23 as to ACI.  ACI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Original Complaint, and therefore denies the same

## JURY DEMAND

24.     CSIRO's demand for a jury trial does not require an answer.

## ANSWER TO PRAYER FOR RELIEF

25.     ACI denies all allegations therein and further denies that any relief should be granted to CSIRO.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### Non-Infringement

26.     ACI hereby incorporates by reference Paragraphs 1-25 above in their entirety.

27.     ACI has not infringed, and is not infringing, either by direct infringement, contributory infringement, or induced infringement, any claim of the '069 Patent.

### Second Affirmative Defense
### Invalidity of the'069 Patent

28.     ACI hereby incorporates by reference Paragraphs 1-27 above in their entirety.

29.     CSIRO's '069 Patent is invalid, in whole or in part, as not satisfying the conditions of patentability set forth in the Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112, and CSIRO's claims for relief are thus barred in whole or in part.

**Third Affirmative Defense**
**Notice**

30.     ACI hereby incorporates by reference Paragraphs 1-29 above in their entirety.

31.     CSIRO's claims for relief and prayer for damages are limited by 35 U.S.C. § 287.

**Fourth Affirmative Defense**
**Prosecution History Estoppel**

32.     ACI herby incorporates by reference Paragraphs 1-31 above in their entirety.

33.     The claims of the '069 Patent are so limited by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during prosecution of the application which resulted in the '069 Patent, that none of the claims of the patent are infringed by ACI.

**COUNTERCLAIMS OF INVALIDITY AND NON-INFRINGMENT**
**OF U.S. PATENT NO. 5,487,069**

ACI Counterclaims against CSIRO as follows:

34.     ACI asserts upon information and belief the following Counterclaims against CSIRO.  ACI hereby incorporates by reference paragraphs 1 through 33 above in their entirety.

35.     In its Counterclaims, ACI seeks declarations of invalidity and non-infringement of the '069 Patent.  As such, jurisdiction is proper pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under federal question jurisdiction pursuant to 28 U.S.C. § 1331, and as arising under the Patent Laws of the United States, Title 35, United States Code.

36.     CSIRO claims an ownership interest in the patent-in-suit and has asserted that ACI has infringed, induced infringement, and/or contributorily infringed the '069 Patent.

37.     This Court has personal jurisdiction over CSIRO.

38.     Venue in this district is proper with regards to these counterclaims under 28 U.S.C. §§ 1391 and 1400.

## FIRST COUNTERCLAIM FOR RELIEF
### Declaration of Invalidity of the '069 Patent

39.     ACI re-alleges and incorporates by reference paragraphs 1 through 38 above in their entirety.

40.     As a result of the charges of infringement against ACI, an actual controversy exists as to the validity of the '069 Patent.

41.     The '069 Patent is invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, and/or 112.

42.     As a result, ACI is entitled to judgment from this Court finding that the '069 Patent is invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

43.     On information and belief, when CSIRO brought this action, it knew, or should have known, that the '069 Patent is invalid and /or not infringed.

44.     This counterclaim presents exceptional circumstances within the meaning of 35 U.S.C. § 285, and ACI is thus entitled to an award of its reasonable attorney's fees.

## SECOND COUNTERCLAIM FOR RELIEF
### Declaration of Patent Non-Infringement

45.     ACI re-alleges and incorporates by reference paragraphs 1 through 44 above in their entirety.

46.     As a result of the charges of infringement against ACI, an actual controversy exists as to non-infringement of the '069 Patent.

47.     ACI has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe, any valid or enforceable claim of the '069 Patent. ACI is not liable for any infringement of the '069 Patent.

48.     As a result, ACI is entitled to judgment from this Court finding that the '069 Patent is not infringed and has not been infringed by ACI and that ACI has not contributed to or induced any infringement by another.

49.     This counterclaim presents exceptional circumstances within the meaning of 35 U.S.C. § 285, and ACI is thus entitled to an award of its reasonable attorney's fees.

### DEMAND FOR JURY TRIAL

50.     ACI demands a jury trial on all the claims and issues.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, ACI prays for judgment against CSIRO as follows:

(a)     For dismissal of CSIRO's Original Complaint with prejudice;

(b)     For a judgment declaring that ACI has not infringed and does not infringe directly, contributorily, or by inducement any claim of the '069 Patent;

(c)     For a judgment declaring that each and every claim of the '069 Patent is invalid;

(d)     For an award of reasonable attorney's fees and expenses against CSIRO pursuant to 35 U.S.C. § 285;

(e)     For ACI's costs of suit against CSIRO pursuant to 35 U.S.C. § 284; and

(f)     For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Eric M. Albritton
Texas State Bar No. 00790215
Lead Attorney
J. Scott Hacker
Texas State Bar No. 24027065
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)
ema@emafirm.com
jsh@emafirm.com

Scott E. Stevens
State Bar No. 00792024
Kyle J. Nelson
State Bar No. 24056031
STEVENS LAW FIRM
P.O. Box 807
Longview, Texas 75606
Telephone: (903) 753-6760
Facsimile: (903) 753-6761

Patrick D. Benedicto
California State Bar No. 195847
Okamoto & Benedicto LLP
1737 North First Street, Suite 270
San Jose, CA 95112
(408) 436-2112 (phone)
(408) 436-2114 (fax)
patrick@obllp.com

ATTORNEYS FOR DEFENDANT
ASUS COMPUTER INTERNATIONAL

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 9th day of March, 2006.

_____
Eric M. Albritton