IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **MICROSOFT CORPORATION, APPLE COMPUTER, INC., HEWLETT-PACKARD COMPANY, and NETGEAR, INC.** | § § § § § | |
| Plaintiff | § § | CASE NO.  6:06 CV 549 PATENT CASE |
| vs. | § § § | |
| **COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION** | § § § § | |
| Defendants | | |
| **COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION** | § § § § | |
| Plaintiff | § § | CASE NO.  6:06 CV 550 PATENT CASE |
| vs. | § § § | |
| **TOSHIBA AMERICA INFORMATION SYSTEMS, INC., NINTENDO OF AMERICA, INC., FUJITSU COMPUTER SYSTEMS CORPORATION, ASUS COMPUTER INTERNATIONAL, D-LINK SYSTEMS, INC., BELKIN CORPORATION, ACCTON TECHNOLOGY CORPORATION USA, SMC NETWORKS, INC., and 3COM CORPORATION** | § § § § § § § § § § § § § | |
| Defendants | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Marvell Semiconductor, Inc.'s, Marvell Asia PTE., Ltd.'s, and Marvel

Intl., Ltd.'s (collectively "Marvell") Motion for Partial Stay of Proceedings Pending Appeal (No.

6:06-CV- 549, Docket No. 218; No. 6:06-CV- 550, Docket No. 246). After considering the parties' written submissions, the Court **DENIES** Marvell's motion.

## BACKGROUND

Marvell previously moved to intervene for the limited purposes of seeking a partial stay or, in the alternative, seeking disqualification of Commonwealth Scientific and Industrial Research Organisation's ("CSIRO") counsel in *Microsoft v. Commonwealth Scientific Industrial Research Organisation*, No. 6:06-CV-549 ("*Microsoft* Action") and *Commonwealth Scientific Industrial Research Organisation v. Toshiba*, No. 6:06-CV-550 ("*Toshiba* Action"). After careful consideration of the parties' written submissions and oral arguments, on October 24, 2007, the Court issued an order denying Marvell's motions. Marvell filed a notice of appeal on November 16, 2007. On December 13, 2007, the Court issued its memorandum opinion, which detailed its reasoning for denying Marvell's motions. Marvell moves the Court to partially stay the proceedings pending appeal or at least until the Federal Circuit rules on a stay.

## APPLICABLE LAW

Courts consider four factors when deciding whether to stay proceedings pending an appeal. Those factors are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) (enumerating the same factors). The movant need not always show a probability of success on the merits, but "if the balance of equities (i.e. consideration of the other three factors) is not heavily tilted in the movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending

appeal." *Ruiz*, 650 F.2d at 565–66.  "The party who seeks a stay bears the burden of establishing these prerequisites." *State of Texas v. United States Forest Serv.*, 805 F.2d 524, 525 (5th Cir. 2001).

## ANALYSIS

Marvell's motion seeks a stay pending appeal of two previous motions, which the Court denied.  Marvell has not shown that the four factors weigh in favor of staying the case.

**Motion to Intervene**

In its current motion to stay, Marvell focuses on the merits of its motion to intervene. Marvell contends that the Court improperly denied its motion to intervene because it had the right to intervene under Federal Rule of Civil Procedure 24(a).  However, Marvell mischaracterizes the Court's previous ruling.

In both its written submissions and oral argument, Marvell represented that it only sought to intervene for a limited purpose, to file its Motion for Stay or to Disqualify: "[Marvell] hereby respectfully move[s] this Court for permission to intervene for the limited purpose of [filing its Motion for Stay or to Disqualify]"; "Marvell moves to intervene for the limited purpose of seeking a stay."  Marvell's Motion to Intervene (No. 6:06-CV-549 LED, Docket No. 161); Marvell's Reply in Support of Motion to Intervene (No. 6:06-CV-549, Docket No. 196).  Marvell stated that it had no intentions to participate in the *Microsoft* or *Toshiba* Actions.[1]  The Court subsequently denied Marvell's motion for stay or to disqualify.  Thus, relying on Marvell's representations, the Court did not reach the merits of Marvell's Motion to Intervene and denied its motion as moot and without prejudice.[2]

---

[1] This is also evident by the fact that Marvell subsequently filed a declaratory judgment regarding the same patent in No. 6:07-CV-204 against CSIRO in this Court.

[2] While the Court did not reach the merits of Marvell's Motion to Intervene, it is worthy to note that many of the equitable factors that weighed against disqualification would also weigh against granting the motion to intervene, specifically, Marvell's excessive delay.  *See United States v. Franklin Parish Sch. Bd*, 47 F.3d 755, 756 (5th Cir.

Turning to the other three factors, Marvell contends that it will suffer irreparable harm because it will not be allowed to participate in the *Microsoft* or *Toshiba* Actions. However, as Marvell represented to this Court, it was never seeking to participate in the *Microsoft* or *Toshiba* Actions but only seeking to file its Motion for Stay or to Disqualify. Thus, Marvell's only evidence of irreparable harm is relief Marvell has never sought.

Marvell also fails to show how the third and fourth factors weigh in favor of granting the stay. Accordingly, the denial of Marvell's Motion to Intervene does not support granting a stay pending appeal.

**Motion for Stay or to Disqualify**

Addressing its previous Motion for Stay or to Disqualify, Marvell contends that all four factors support a stay. Marvell claims that the Court ignored its previous arguments and relied on cases it claims are distinguishable; thus, it is probable it will succeed on the merits. Except for claiming that the Court ignored its previous arguments, Marvell offers no additional support that it will succeed on the merits. Contrary to Marvell's contentions, the Court's opinion was grounded in sound precedent, and it considered every meritorious argument. The Court did not ignore Marvell's arguments; rather the Court found they lacked sound legal basis. This factor weighs against granting a stay.

Even though Marvell has not shown a likelihood to succeed on the merits, Marvell contends the balance of equities tilts heavily in its favor; thus, a stay is appropriate. *See Ruiz*, 650 F.2d at 565. Marvell claims it will be irreparably harmed because the case will continue without Marvell's participation and Marvell will be forced to share confidential information with its former counsel. Marvell's participation in these cases is not necessary nor desired by Marvell as represented by

---

1995) (enumerating four factors to consider when a party seeks to intervene as of right).

Marvell in its Motion to Intervene. Marvell's harm from releasing confidential information to its former counsel is also minimal because the information sought is the same information any party would seek in patent litigation. Marvell makes no showing that its former counsel is attempting to use confidential information, which it received while representing Marvell, against Marvell. Marvell also fails to show how the other two factors weigh in favor of a stay, except to offer conclusory statements such as "conserving public resources" or "clarifying the rules governing the attorney-client relationship." The balance of equities do not tilt heavily in Marvell's favor. Accordingly, the denial of Marvell's Motion for Stay or to Disqualify does not support granting a stay pending appeal.

**Temporary Stay**

Marvell also requests a temporary stay pending the Federal Circuit's ruling on a stay pending appeal. Marvell filed a notice of appeal on Novemebr 16, 2007. On November 20, 2007, CSIRO served a subpoena on Marvell requesting third party discovery, including Marvell's source code. On December 6, 2007, the appeal was docketed. Although Marvell knew that CSIRO had immediately began seeking discovery, Marvell delayed almost two months before filing this present motion. To date, Marvell has not filed a brief on the merits of its appeal.[3] At the hearing Marvell stated it was not here "to be disruptive;" however, a temporary stay of the proceedings, three months before the *Markman* Hearing, would mean just that. Accordingly, the Court denies Marvell's alternative request for a temporary stay.

## CONCLUSION

For the above reasons and the reasons stated in the Court's previous order, the Court **DENIES** Marvell's Motion for Stay Pending Appeal.

---

[3] Marvell acknowledgde in its reply that it has yet to file its appellate brief; Marvell has not sent subsequent notice to the contrary.

**So ORDERED and SIGNED this 19th day of March, 2008.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**