**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **INTEL CORPORATION, et al.,** § | | |
| § | | |
| Plaintiff, § | **Civil No. 6:06-cv-551** | |
| v. § | | |
| § | | |
| **COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION,** § | | |
| § | | |
| Defendant. § | | |
| _____ § | | |
| **MICROSOFT CORP., et al.,** § | | |
| § | | |
| Plaintiff, § | **Civil No. 6:06-cv-549** | |
| v. § | | |
| § | | |
| **COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION,** § | | |
| § | | |
| Defendant. § | | |
| _____ § | | |
| **COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION,** § | | |
| § | | |
| Plaintiff, § | **Civil No. 6:06-cv-550** | |
| v. § | | |
| § | | |
| **TOSHIBA AMERICA INFORMATION SYSTEMS, INC., et al.,** § | | |
| § | | |
| Defendant. § | | |
| _____ § | | |
| **MARVELL SEMICONDUCTOR, et al.,** § | | |
| § | | |
| Plaintiff, § | **Civil No. 6:07-cv-204** | |
| v. § | | |
| § | | |
| **COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION,** § | | |
| § | | |
| Defendant. § | | |
| _____ § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants'[1] Motion For Leave To Amend Invalidity Contentions (6:06-cv-551 Docket No. 261; 6:06-cv-549 Docket No. 305; 6:06-cv-550 Docket No. 362; 6:07-cv-204 Docket No. 109). After considering the parties' written submissions, the Court **GRANTS** Defendants' motion.

**BACKGROUND**

This collection of cases concerns U.S. Patent No. 5,487,069 ("the '069 Patent") entitled "Wireless LAN." The patent is owned by the Commonwealth Scientific and Industrial Research Organization ("CSIRO") who alleges that Defendants' products infringe the patent. Defendants claim, *inter alia*, that the patent is invalid.

On July 26, 2007, Defendants served their initial invalidity contentions pursuant to Patent Rule 3-3. The invalidity contentions included a five-page paper authored by Telia Research AB, entitled "Suggestion for the study of COFDM techniques for HIPERLAN," ETSI RES 10-R 92/07 (Feb. 28, 1992) ("the Telia reference"). The reference was initially provided to show "motivation to combine" references in the field of "wireless data transmission in multipath environments" regardless of whether the references were primarily concerning indoor or outdoor environments. The reference was not initially identified as part of an express combination that rendered the '069 Patent invalid as obvious.

The Telia Research paper was initially presented to the RES-10 (Radio Equipment and

---

[1] Toshiba Information Systems, Inc., Nintendo of America Inc., Fujitsu Computer Systems Corporation, ASUS Computer International, D-Link Systems, Inc., Belkin Corporation, Accton Technology Corporation USA, SMC Networks, Inc., 3Com Corporation, Microsoft Corporation, Hewlett-Packard Company, NETGEAR, Inc., Intel Corporation, Dell, Inc., Marvell Asia Pte., Ltd., Marvell Semiconductor, Inc., and Marvell International Ltd. are collectively referred to as "Defendants."

Systems) committee of the European Telecommunication Standards Institute ("ETSI"). The ETSI is an independent, non-profit, standardization organization for the telecommunications industry in Europe and is officially responsible for standardization of Information and Communication Technologies within Europe.

On September 4, 2008, Defendants filed its motion for leave to amend invalidity contentions pursuant to Patent Rule 3-6(b). CSIRO has stipulated and agreed to treat the amendment as of May 9, 2008.[2] 6:06-CV-550, Docket No. 362, Page 6. Defendants' amendment seeks to use the already disclosed Telia reference as invalidating prior art. In particular, Defendants wish to invalidate the '069 Patent by asserting the Telia reference in combination with an article by Lassalle Alard entitled "Principles of modulation and channel coding for digital broadcasting for mobile receivers" ("the Alard reference"). The Alard reference itself was previously disclosed in Defendants' Amended Invalidity Contentions and is not contested by CSIRO apart from its combination with the Telia reference. In addition to CSIRO's opposition to the present motion, it requests that the Court strike all references in the Defendants' expert reports to papers presented to the ETSI committees and internal ETSI deliberations on grounds that these references are not "printed publications" under 35 U.S.C. §§ 102 or 103.

## APPLICABLE LAW

Patent Rule 3-6(b) requires leave of Court and good cause if a party seeks to amend or supplement its invalidity contentions after the due date. Federal Rule of Civil Procedure 16(b)

---

[2] The parties had been negotiating for months on whether Defendants could amend their invalidity contentions before the present motion was filed. Ultimately, CSIRO agreed to allow Defendants to amend their invalidity contentions, Unopposed Motion for Leave (Docket No. 24), but waited until after it was able to depose the author of the Telia reference to do so.

2

allows a party to modify the Court's Docket Control Order upon a showing of good cause. FED. R. CIV. P. 16. The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines. *MASS Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. 284, 286 (E.D. Tex. 2008) (Davis, J.) (citing *S&W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003)). The Court has broad discretion to allow Docket Control Order modifications and considers four elements to determine if modification is appropriate: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice. *Id.* at 286. A party's failure to meet a deadline due to mere inadvertence is equivalent to no explanation at all. *Id*.

## ANALYSIS

*Explanation for delay*

Defendants argue that their delay was due to shifting circumstances and additional information learned during the course of discovery that focused their attention on the Telia reference as a part of an obviousness combination, rather than merely evidence of "motivation to combine." CSIRO argues that the disclosure of the Telia reference in Defendants' invalidity contentions for a purpose other than invalidity demonstrates that Defendants have known about the reference for a significant period of time and have inexcusably delayed asserting the Telia reference as invalidating art.

Defendants' invalidity contentions were filed on July 26, 2007, more than nine months prior to the stipulated date for Defendants' amendment of May 9, 2008. Defendants claim that

3

information discovered during the deposition of the Telia reference's author, Mr. Christer Bjork manifested the previously unforeseen importance of the Telia reference in Defendants' invalidity case. Mr. Bjork's deposition, however, occurred on June 20, 2008 at a time subsequent to Defendants' notice to CSIRO on May 9, 2008 of its intent to amend (which ultimately became the stipulated date of the instant amendment). Therefore, Mr. Bjork's deposition could not have been the principal catalyst for Defendants' pursuit of the amendment. Moreover, there is nothing about the Telia reference that has changed since May 9, 2008. Defendants' decision not to include the reference as part of an express combination reflects a conscious choice not to assert it as invalidating prior art. Attempting to second-guess that choice now, without any relevant external motivation, is not an adequate explanation for delay, even if such delay was inadvertent because of the hundreds of other prior art references considered by Defendants in this case.

Defendants further claim that their focus shifted to the Telia reference based upon arguments CSIRO made on appeal to the Federal Circuit during oral argument in *Buffalo v. CSIRO* on April 11, 2008 relating to digital audio broadcasting techniques in an indoor environment. It appears, however, that CSIRO had argued this point well before oral argument in the *Buffalo* case. In fact, CSIRO produced to Defendants early in discovery CSIRO's arguments in opposition to Buffalo's motion for summary judgment of invalidity which contained distinctions between indoor and outdoor environments. 6:06-CV-550 LED, Docket No. 370, Ritchey Declaration, Exh. G. As such, while Defendants may have overlooked this discovery in good faith over the course of reviewing over one hundred pieces of potential invalidating prior art, the inadvertence of the delay is no excuse under this Court's Patent Rules.

Defendants argue they are in good faith because within a month of determining the

4

importance of the Telia reference, they requested CSIRO's permission to amend their invalidity contentions. Defendants further assert their good faith by explaining that the Telia reference itself was not before the Court in the collateral *CSIRO v. Buffalo* case because apparently Buffalo was not aware of it. 6:06-CV-324, Docket No. 228 (Nov. 13, 2006 Memorandum Opinion and Order). Notwithstanding these circumstances, good faith by itself is not a satisfactory explanation for delay.

It should be noted that while Defendants have not adequately explained their delay through inadvertence, Defendants do not appear to have engaged in active gamesmanship. Defendants' inclusion of the Telia reference in its invalidity contentions (albeit not as invalidating art) indicates at a minimum that Defendants were not seeking to hide the Telia reference from CSIRO. Moreover, the stipulated amendment date of May 9, 2008 is nearly six months from the close of discovery, which also demonstrates a lack of gamesmanship.

Defendants' explanation for delay weighs against granting leave to amend.

*Importance*

Defendants contend that the Telia reference operates as an obviousness reference that invalidates one or more of the asserted claims in combination with other prior art and is therefore important. CSIRO argues that the Telia reference is not important because it is not a "printed publication" under the ambit of 35 U.S.C. § 103. CSIRO then expands this argument and affirmatively moves to strike all documents or references included in Defendants' expert reports relating to ETSI meetings or deliberations on the basis that they are not "printed publications" as a matter of law.

In particular, CSIRO moves to strike 1) the Telia reference, 2) a slide presentation by Daimler Benz purportedly made to an ETSI committee on August 15, 1992 ("the Daimler Benz reference"),

5

and 3) a memo entitled "COFDM for HIPERLAN" purportedly submitted to an ETSI committee in 1992. CSIRO essentially recasts its argument as a motion for partial summary judgment to remove these references from Defendants' invalidity case altogether.

CSIRO's argument misses the central issue in this motion. Whether ETSI documents, including the Telia reference, are "printed publications" under § 103 has been an issue since July 26, 2007 when Defendants first referenced an ETSI document as prior art. Whether ETSI references are "printed publications" is an issue for a motion to strike or a motion for summary judgment. Curiously, CSIRO's extensive briefing on the issue represents its willingness and ability to argue the merits of the reference and exemplifies the importance of the reference to both sides. *See Avago Tech. Gen. IP Pte Ltd. v. Elan Microelectronics Corp.*, No. C04-05385 JW , 2007 WL 1449758 at *2 (N.D. Cal. May 15, 2007) (granting motion to amend invalidity contentions in order to address an important issue of invalidity ripe for decision).

CSIRO's Motion to Strike will be decided as a motion on the merits at a later time, rather than as a tangent to this procedural motion. As to the merits of the instant motion, prior art references potentially rendering a patent invalid are important. This factor favors granting leave to amend.

*Prejudice*

Defendants argue that CSIRO is not prejudiced because it had substantial time to conduct discovery on both the Telia reference itself and the allegedly invalidating obviousness combination. CSIRO contends that its investigation requires additional time and resources since much of the relevant discovery is located in Europe. In particular, CSIRO asserts it would have to conduct an investigation to learn the identity and location of ETSI committee members, some of which may be

located in Europe or other parts of the world and may be subject to Hague Convention procedures.

The discovery deadline in this case was October 27, 2008 and the expert discovery deadline was November 10, 2008 upon prior stipulation by the parties. CSIRO has stipulated and agreed to treat the effective date of Defendants' amendment to its invalidity contentions as May 9, 2008. As such, CSIRO had approximately six months to investigate and take discovery related to the addition of a single obviousness combination. Furthermore, CSIRO had an even more considerable period of time to investigate and take discovery related to the Telia reference itself as it was included in Defendants' invalidity contentions served to CSIRO on July 26, 2007.

CSIRO did not diligently conduct discovery on the Telia reference. Not only did CSIRO fail to initiate any Hague convention discovery in Europe, but CSIRO similarly failed to conduct any domestic discovery on any U.S. entity involved in ETSI or the RES-10 committee, such as Apple, AT&T, or IBM. To the extent that CSIRO requires its own independent discovery in Europe as to whether the Telia reference operates as a "printed publication," it could have performed this discovery over fifteen months ago dating back to July 26, 2007 when it became aware of the Telia reference or even six months ago dating back to May 9, 2008 when Defendants amended their contentions.

When CSIRO recently sought such discovery, Defendants generally cooperated with CSIRO's discovery requests. Defendants have provided CSIRO with additional relevant information regarding the Telia reference via supplemental interrogatory responses. Defendants have voluntarily produced multiple foreign witnesses available to CSIRO at Defendants' expense without forcing CSIRO to go through Hague Convention procedures in Europe, including the author of the Telia reference Mr. Bjork. CSIRO has further deposed two witnesses not connected to Defendants who

are knowledgeable about ETSI committee policies. Defendants fully disclosed their analysis for the Telia and Alard combination in several expert reports.

Ultimately, CSIRO had approximately fifteen months from Defendants' invalidity contentions to the close of discovery to analyze a single art reference and approximately six months to analyze the addition of a singular obviousness combination. CSIRO has taken advantage of this time to take both written and oral discovery. Moreover, CSIRO devotes approximately 8 pages of its response brief arguing that the Telia reference, as well as all ETSI references are not "printed publications," and attaches deposition and declaration testimony of three witnesses to support its position. *See* CSIRO's Opposition (6:06-cv-550 Docket No. 366) at 2, 6-9, 11-15, 16-18, Ex. D, Taylor Decl., Nix Decl. Defendants are not at fault for CSIRO's late realization that the Telia reference might not operate as a "printed publication." Any deficit in CSIRO's discovery as to that issue was principally caused by its own oversight. *See Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431, 2006 WL 1329997 at *7 (N.D. Cal. May 15, 2006) (finding no prejudice where parties had fully briefed substantive issues relating to the amended invalidity contention). CSIRO has not suffered substantial prejudice from Defendants' amendment.

For the foregoing reasons, this factor favors granting leave to amend.

**Availability of continuance**

The Court is not convinced, for the reasons stated above, that CSIRO will suffer prejudice as a result of Defendants' amendment to its invalidity contentions, and a continuance will not be necessary. This factor favors granting leave to amend.

## CONCLUSION

While Defendants' inadvertent delay in amending to include the Telia reference in an

obviousness combination does not satisfy the explanation for delay factor, each of the remaining three factors favor granting leave to amend and ultimately outweigh the explanation for delay factor. A potentially invalidating obviousness combination is important to this case. CSIRO learned that the Telia reference was part of Defendants' case on July 26, 2007, more than fifteen months before the close of discovery. Even the May 9, 2008 stipulated date for amendment of merely one additional singular obviousness combination was almost six months prior to the discovery deadlines. Finally, CSIRO has expressed a willingness and ability to address the substantive issues concerning the Telia reference in briefing that is already before the Court.

For the foregoing reasons, the Court **GRANTS** Defendants' motion for leave to amend its invalidity contentions.

**So ORDERED and SIGNED this 21st day of January, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**