**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| INTEL CORPORATION, et al., | § | Case No. 6:06-CV-551 (LED) |
| | § | |
| Plaintiffs, | § | Jury Trial Demanded |
| | § | |
| v. | § | |
| | § | |
| COMMONWEALTH SCIENTIFIC AND | § | |
| INDUSTRIAL RESEARCH ORGANISATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| MICROSOFT CORP., et al., | § | Case No. 6:06-CV-549 (LED) |
| | § | |
| Plaintiffs, | § | Jury Trial Demanded |
| | § | |
| v. | § | |
| | § | |
| COMMONWEALTH SCIENTIFIC AND | § | |
| INDUSTRIAL RESEARCH ORGANISATION, | § | |
| | § | |
| Defendant. | § | |
| COMMONWEALTH SCIENTIFIC AND | § | Case No. 6:06-CV-550 (LED) |
| INDUSTRIAL RESEARCH ORGANISATION, | § | |
| | § | Jury Trial Demanded |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TOSHIBA AMERICA INFORMATION | § | |
| SYSTEMS, INC., et al., | § | |
| | § | |
| Defendants. | § | |
| COMMONWEALTH SCIENTIFIC AND | § | Case No. 6:06-CV-324 (LED) |
| INDUSTRIAL RESEARCH ORGANISATION, | § | |
| | § | Jury Trial Demanded |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BUFFALO TECHNOLOGY (USA), et al. | § | |
| | § | |
| Defendants. | § | |
| | § | |

**JOINT PRE-TRIAL ORDER**

This case is scheduled for pretrial conference on March 26, 2009 at 9:30 am, in Tyler, Texas.  The following parties submit this Pretrial Order on March 17, 2009 pursuant to Local Rule 16(b) and Fed. R. Civ. P. 16, as well as the Court's Order dated March 16, 2009: Commonwealth Scientific and Industrial Research Organization ("CSIRO") (also referred to herein as "Plaintiff") and Microsoft Corporation ("Microsoft"), Hewlett-Packard Company ("H-P"), Netgear, Inc. ("Netgear"), Intel Corporation ("Intel"), Dell Inc. ("Dell"), Buffalo Technology (USA), Inc. and Buffalo, Inc. (collectively "Buffalo"), D-Link Systems, Inc. ("D-Link"), Belkin International, Inc. ("Belkin"), Accton Technology Corporation ("Accton"), SMC Networks, Inc. (SMC"), 3Com Corporation ("3Com"), Toshiba America Information Systems, Inc. ("TAIS"), Nintendo of America, Inc. ("Nintendo"), Fujitsu Computer Systems Corporation ("FCS"), and ASUS Computer International ("ASUS") (collectively "Defendants").

## A.   <u>COUNSEL FOR PARTIES</u>

Plaintiff:     Daniel J. Furniss – **Lead Attorney**
               Jordan T. Jones
               Gary H. Ritchey
               Gregory S. Gilchrist
               TOWNSEND AND TOWNSEND AND CREW LLP

               S. Calvin Capshaw
               Elizabeth DeRieux
               CAPSHAW DERIUEX LLP

Defendants:
               FOR INTEL CORPORATION:

               KEKER & VAN NEST, LLP
               Robert Van Nest – **Lead Attorney**
               Christa M. Anderson
               Leo Lam
               Matthias Kamber

               POTTER MINTON, PC
               Michael E. Jones
               John F. Bufe
               Allen F. Gardner

FOR DELL, INC.:

JONES DAY
Daniel T. Conrad
Thomas R. Jackson
Jon Hyland


FOR MICROSOFT CORP.

FISH & RICHARDSON P.C.
Ruffin B. Cordell – **Lead Attorney**
Barry K. Shelton
Joseph P. Reid
Indranil Mukerji
Conor M. Civins

WILSON, SHEEHY, KNOWLES, ROBERTSON & CORNELIUS, P.C.
Jennifer Parker Ainsworth


FOR BELKIN INTERNATIONAL, INC.:

O'MELVENY & MYERS LLP
Kristopher Dawes
David Enzminger

YARBROUGH & WILCOX, PLLC
Herbert A. Yarbrough, III


FOR ACCTON TECHNOLOGY CORP. , SMC NETWORKS, INC.,
3COM CORPORATION and D-LINK SYSTEMS, INC.:

VASQUEZ, BENISEK & LINDGREN LLP
Richard C. Vasquez
Eric W. Benisek
Stephen C. Steinberg

WILSON, SHEEHY, KNOWLES, ROBERTSON & CORNELIUS, P.C.
William J. Cornelius, Jr.


FOR NETGEAR, INC.:

WILSON, SONSINI, GOODRICH & ROSATI
Brian D. Range
James A. DiBoise
Jennifer A. Ochs
Christopher R. Parry
Ryan R. Smith

FOR FUJITSU COMPUTER SYSTEMS CORPORATION:

MORRISON & FOERSTER LLP
Karl J. Kramer – **Lead Attorney**
Christopher F. Jeu

PROVOST UMPHREY LAW FIRM, L.L.P.
Andy Tindel

FOR HEWLETT-PACKARD COMPANY:

MORGAN, LEWIS & BOCKIUS, LLP
David J. Levy
Rick L. Rambo

WILSON, SHEEHY, KNOWLES, ROBERTSON & CORNELIUS, P.C.
Jennifer Parker Ainsworth

FOR ASUS COMPUTER INTERNATIONAL:

ALBRITTON LAW FIRM
Eric M. Albritton

STEVENS LAW FIRM
Scott Stevens
Kyle J. Nelson

OKAMOTO & BENEDICTO LLP
Patrick D. Benedicto

FOR NINTENDO OF AMERICA INC.:

FINDLAY & CRAFT
Eric H. Findlay

COOLEY, GODWARD KRONISH LLP
Thomas Friel
Timothy Teter
Matthew Brigham
Lowell Mead

NIXON & VANDERHYE, P.C.
Robert W. Faris
John Lastova

FOR TOSHIBA AMERICA INFORMATION SYSTEMS, INC.:

KNOBBE, MARTENS, OLSON & BEAR, LLP
Craig S. Summers
Irfan A. Lateef
Reza Mirzaie

YARBROUGH & WILCOX, PLLC
Melvin R. Wilcox

FOR BUFFALO TECHNOLOGY (USA), INC. and BUFFALO, INC.:

OBLON, SPIVAK, MCCLELLAND, MAIER & NEUSTADT, P.C.
Richard D. Kelly – Lead Counsel
Takahiro Miura
Robert C. Mattson
Frank J. West

POTTER MINTON
Michael E. Jones
John F. Bufe
Allen F. Gardner


B.   **STATEMENT OF JURISDICTION**

Subject matter jurisdiction for the patent infringement claims in the Complaint is based

on 28 U.S.C. § 1331 and § 1338(a), and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201

and § 2202.  The parties do not dispute that, with respect to this action, the Court has personal

jurisdiction over the Defendants in this case.


C.   **NATURE OF ACTION**[1]

Trial in the above-captioned matters is scheduled to commence on April 13, 2009.  The

cases to be tried on that date are four actions, each of which generally concern allegations of

patent infringement with respect to U.S. Patent No. 5,487,069 ("the '069 Patent"),

---

[1] Defendants hereby preserve their objection to any violation of their 7th Amendment rights to
have a single jury hear and determine liability and damages issues.  Defendants understand the
Court has already determined the issue, but Defendants hereby respectfully preserve their
objection to any violation of their 7th Amendment rights to have a single jury hear and
determine liability and damages issues, which Defendants assert are not separable (for
example, there are overlapping issues among those raised in regard to obviousness, secondary
considerations, and damages).

First, in February of 2005, CSIRO filed suit in the Eastern District of Texas (hereafter the "Buffalo Litigation") against Buffalo Technology (USA), Inc. and Buffalo, Inc. alleging patent infringement.

Second, in May of 2005, Intel and Dell filed suit against CSIRO (hereafter the "Intel Litigation") seeking a declaratory judgment establishing that CSIRO's patent is invalid, unenforceable, and not infringed by Intel and its customer, Dell.  CSIRO counterclaimed against Intel and Dell for patent infringement.

Third, a similar suit was filed in May of 2005 by Microsoft, H-P, and Netgear (hereafter the "Microsoft Litigation") seeking much of the same declaratory relief against CSIRO as in the Intel Litigation.  CSIRO counterclaimed against Microsoft, H-P, and Netgear for patent infringement.

Fourth, on December 22, 2006, CSIRO filed suit in the Eastern District of Texas (hereafter the "Toshiba Litigation") alleging patent infringement against the following defendants:  TAIS, Nintendo, FCS, ASUS, D-Link, Belkin, Accton, SMC, and 3Com.

On December 23, 2008, this Court ordered that the trials in the above four cases be consolidated, such that the liability issues would be tried in a single, joint trial commencing April 13, 2009.  On February 18, 2009, the Court indicated that jury selection will be on April 6, 2009. The Court further ordered that any damages trials in the above cases would follow one at a time, in an order selected by CSIRO, once a month beginning in June 2009.  CSIRO has selected the order of damages trials, should they be necessary, to be the Toshiba Litigation, Microsoft Litigation, Intel Litigation, and Buffalo Litigation.

CSIRO alleges that Defendants TAIS, Nintendo, FCS, ASUS, D-Link, Belkin, Accton, SMC, 3Com, Microsoft, H-P, Netgear, Dell, Buffalo, and Intel directly infringe claims 10, 42,

44, 46, 48, 68, 70 and 72 of the '069 Patent through the manufacture, use, sale, importation, and/or offer for sale of microchips or products used in wireless LANs and/or wireless LAN devices.[2]  CSIRO further alleges that Defendants induce their customers and others to infringe the same claims of the '069 Patent through the manufacture, use, sale, importation, and/or offer for sale of certain products that practice, enable and/or induce others to practice claims 10, 42, 44, 46,  48, 68, 70 and 72 of the '069 Patent.  CSIRO alleges that Defendants' infringement and induced infringement of the '069 Patent was willful and that this is an exceptional case.  CSIRO seeks damages and a permanent injunction.

Defendants deny that they have infringed, willfully or otherwise, any of the asserted claims of the '069 Patent.  Defendants also assert numerous claims, counterclaims and affirmative defenses, including invalidity, unenforceability, equitable estoppel, legal estoppel, waiver, patent misuse, laches, failure to mark, inequitable conduct, and unclean hands. Defendants deny that CSIRO is entitled to damages, injunctive relief, and/or any other relief of any kind, seek declaratory relief, and seek recovery of their costs, expenses and attorneys' fees under 35 U.S.C. § 285 and 288, and any other relief the Court deems appropriate.

D.      **CONTENTIONS OF THE PARTIES**

**Plaintiff's Claims:**[3]

1.      Plaintiff CSIRO contends that each of the Defendants has directly infringed and

---

[2] Defendants Buffalo Technology (USA), Inc. and Buffalo, Inc. (together referred to as "Buffalo") have already been found to have infringed claims 42, 44, 46, 68, 70 and 72 the '069 Patent by the sale of certain products.  *See* Memorandum Opinion and Order dated November 13, 2006 in Case No. 6:06-CV-324.   The Federal Circuit did not remand the issue of infringement in the Buffalo case for further proceedings. *See CSIRO v. Buffalo*, 542 F.3d 1363, 1385-86 (Fed. Cir. 2008).  The only outstanding claims of infringement regarding Buffalo are indirect infringement of claim 10 and willful infringement.  This determination of infringement does not apply to the other Defendants.

[3] The only outstanding issues of infringement with regards to Buffalo are indirect infringement of Claim 10 and willful infringement.

continues directly to infringe, literally or under the doctrine of equivalents, independent claim 42 of the '069 Patent.

2.      Plaintiff CSIRO contends that each of the Defendants has directly infringed and continues directly to infringe, literally or under the doctrine of equivalents, dependent claims 44, 46 and 48 of the '069 Patent.

3.      Plaintiff CSIRO contends that each of the Defendants has directly infringed and continues directly to infringe, literally or under the doctrine of equivalents, independent claim 68 of the '069 Patent.

4.      Plaintiff CSIRO contends that each of the Defendants has directly infringed and continues directly to infringe, literally or under the doctrine of equivalents, dependent claims 70 and 72 of the '069 Patent.

5.      Plaintiff CSIRO contends that each of the Defendants has directly infringed and continues directly to infringe, literally or under the doctrine of equivalents, independent claim 10 of the '069 Patent.

6.      Plaintiff CSIRO contends that each of the Defendants has induced and continues to induce infringement of claims 10, 42, 44, 46, 48, 68, 70 and 72 of the '069 Patent.

7.      Plaintiff CSIRO contends that each of the accused products was designed and intended for indoor use, and are in compliance with IEEE standards 802.11a and 802.11g, for which the practice of the '069 Patent is essential to comply.

8.      Plaintiff CSIRO contends that the '069 Patent is valid.

9.      Plaintiff CSIRO contends that none of the asserted claims in the '069 Patent are or were obvious to one of ordinary skill at the time of the invention.

10.     Plaintiff CSIRO contends that none of the asserted claims of the '069 Patent were

anticipated by any prior art.

11.     Plaintiff CSIRO contends that none of the Defendants' equitable affirmative defenses bar or limit CSIRO's claims, as set forth in the Proposed Facts And Conclusions of Law submitted by CSIRO regarding issues to be tried by the Court.

12.     Plaintiff CSIRO contends that each of the Defendants' infringement of the '069 Patent has been, and continues to be, willful.

13.     Plaintiff CSIRO contends that the Defendants' infringement has caused and will continue to cause irreparable harm, for which there is no adequate remedy at law, entitling CSIRO to a permanent injunction.[4]

14.     Plaintiff CSIRO contends that this is an exceptional case entitling CSIRO to attorneys' fees and enhanced damages.  Plaintiff is also entitled to recover reasonable costs.

**Defendants' Claims, Counterclaims, and Affirmative Defenses:[5]**

1.     Defendants' manufacture, use, sale, importation, or offer for sale within the United States of the accused products identified in CSIRO's infringement contentions in this action does not infringe any valid, enforceable asserted claims of the '069 Patent.[6]

---

[4] CSIRO notes Defendants' footnote assertion below that remedies "would be determined in Phase 2 of this litigation."  CSIRO agrees that damages will be assessed in the Phase 2 trials, but does not agree that its request for injunctive relief must necessarily await Phase 2 trials if the jury finds infringement and the absence of non-validity in Phase 1.  Defendants disagree with CSIRO's statement.  Indeed, there is a Stipulated Order in place in these consolidated matters (Dated August 4, 2008) expressly providing that discovery and expert reports regarding injunctive relief issues are not completed and need not be completed until after the jury trials are completed in these cases.

[5] Defendants have filed a motion to modify trial structure which would, in turn, affect which contentions of Defendants (and CSIRO) are relevant to the Phase I trial.

[6] Defendants note, as will be set forth in their motions in limine, that Plaintiff has asserted no claims for infringement under the doctrine of equivalence.  Defendants also note that CSIRO bears the burden of proving infringement with respect to all limitations in the claims asserted against Defendants.  Finally, Defendants also note that many of the issues identified in the

2.      Defendants have not induced infringement of the '069 Patent within the meaning of any provision of 35 U.S.C. § 271.

3.      To the extent that any infringement were to be found, Defendants' alleged infringement was not willful.

4.      Claims 10,  42, 44, 46, 48, 68, 70 and 72 (the asserted claims) of the '069 Patent are invalid under 35 U.S.C. § 102.   Defendants hereby reference their Notice of Prior Art Under 35 U.S.C. § 282, Errata to Defendants' Notice of Prior Art Under 35 U.S.C. § 282, Expert Report of Stephen Wicker (including any supplements thereto), and the deposition testimony of Stephen Wicker in this action.

5.      Claims 10, 42, 44, 46, 48, 68, 70 and 72 of the '069 Patent are invalid under 35 U.S.C. § 103.[7] Defendants hereby reference their Notice of Prior Art Under 35 U.S.C. § 282, Errata to Defendants' Notice of Prior Art Under 35 U.S.C. § 282, Expert Report of Stephen Wicker (including any supplements thereto), and the deposition testimony of Stephen Wicker in this action.

6.      Claims 10, 42, 44, 46,  48, 68, 70 and 72 of the '069 Patent are invalid under 35 U.S.C. § 112.  Defendants hereby reference their Notice of Prior Art Under 35 U.S.C. § 282, Errata to Defendants' Notice of Prior Art Under 35 U.S.C. § 282, Expert Report of Stephen Wicker (including any supplements thereto), and the deposition testimony of Stephen Wicker in this action.

7.      The '069 Patent is unenforceable by virtue of inequitable conduct committed

Contentions of the Parties (including remedies) would be determined in Phase 2 of this litigation.
[7] CSIRO believes that combinations of references on which Defendants intend to rely should be disclosed here.  Defendants respond by stating that they have already fully disclosed the relevant combinations in Dr. Wicker's expert report and that was properly served on CSIRO months ago.

during prosecution of the patent application for the patent.

8.     The doctrine of equitable estoppel bars CSIRO's claims, or at a minimum limits damages available to CSIRO.

9.     The doctrine of legal estoppel bars CSIRO's claims, or at a minimum limits damages available to CSIRO.

10.     The doctrine of waiver bars CSIRO's claims, or at a minimum limits damages available to CSIRO.

11.     The doctrine of patent misuse bars CSIRO's claims, or at a minimum limits damages available to CSIRO.

12.     The doctrine of unclean hands bars CSIRO's claims, or at a minimum limits damages available to CSIRO.

13.     CSIRO's failure to satisfy marking requirements pursuant to 35 U.S.C. § 287 limits the damages available to CSIRO for any alleged acts of infringement.

14.     The doctrine of laches bars CSIRO from recovering damages, if any, for the period of time before CSIRO filed claims in this suit.

15.     CSIRO is not entitled to damages of any kind.

16.     CSIRO is not entitled to injunctive relief of any kind.

17.     CSIRO is not entitled to prejudgment or postjudgment interest.

18.     CSIRO is not entitled to costs or reasonable attorneys' fees pursuant to any statute.

19.     CSIRO is not entitled to any other award or relief, equitable or not.

20.     Defendants are entitled to their costs and reasonable attorneys fees pursuant to 35 U.S.C. §§ 285 and 288, and any other relief the Court deems appropriate.

E.     **STIPULATIONS AND UNCONTESTED FACTS**

**Jurisdiction**

1.     Subject matter jurisdiction is proper in this Court.

2.     The parties do not contest that, in this action, this Court has personal jurisdiction over the parties in this case.

3.     Venue is proper in this action in the United States District Court for the Eastern District of Texas, Tyler Division.

**Facts Regarding Parties**

4.     Plaintiff CSIRO is a body corporate under Australian law, with its principal place of business in Australia.

5.     Defendant TAIS is a California corporation with its principal place of business in Irvine, California.

6.     Nintendo is a Washington corporation with its principal place of business in Redmond, Washington.

7.     FCS is a California corporation with its principal place of business in Sunnyvale, California.

8.     ASUS is California corporation with its principal place of business in Fremont, California.

9.     D-Link is a California corporation with its principal place of business in Fountain Valley, California.

10.     Belkin is a Delaware corporation with its principal place of business in Compton, California.

11.     Accton is a Taiwan corporation with its principal place of business in Taiwan,

China.

12.    SMC is a Delaware corporation with its principal place of business in Irvine,
California.

13.    3Com is a Delaware corporation with its principal place of business in
Marlborough, Massachusetts.

14.    Microsoft is a Washington corporation with its principal place of business in
Redmond, Washington.

15.    H-P is a Delaware corporation with its principal place of business in Palo Alto,
California.

16.    NETGEAR is a Delaware corporation with its principal place of business in Santa
Clara, California.

17.     Buffalo Technology (USA), Inc. is a Delaware corporation with its principal
place of business in Austin, Texas.  Buffalo, Inc. is organized under the laws of Japan with its
principal place of business in Nagoya, Japan.

18.    Dell is a Delaware corporation with its principal place of business in Round Rock,
Texas.

19.    Intel is a Delaware corporation with its principal place of business in Santa Clara,
California.

**Facts Relating to '069 Patent**

20.    CSIRO filed an Australian provisional application PL6069 on November 27,
1992.

21.    CSIRO caused United States Patent Application No. 157,375 (the "'069 Patent
application") to be filed on November 23, 1993.

22.     United States Patent No. 5,487,069 ("'069 Patent") issued on January 23, 1996.

23.     CSIRO is the assignee and the owner of the '069 Patent.

24.     The named purported inventors on the '069 Patent are John D. O'Sullivan, Graham R. Daniels, Terence M.P. Percival, Diethelm L. Ostry, and John F. Deane.

**Facts Related to the History of These Actions**

25.     Cause No. 6:06-CV-324, the Buffalo Litigation, is a complaint for patent infringement filed by CSIRO against Buffalo Technology (USA), Inc. and Buffalo, Inc. in the Eastern District of Texas on February 2, 2005.

26.     Cause No. 6:06-CV-549, the Microsoft Litigation, is a declaratory judgment action originally filed against CSIRO by Microsoft Corporation, Hewlett-Packard Company, and Netgear, Inc. on May 9, 2005.  CSIRO counterclaimed against the defendants for infringement on September 22, 2006.

27.     Cause No. 6:06-CV-551, the Intel Litigation, is a declaratory judgment action originally filed against CSIRO by Intel Corporation and Dell Inc., on May 9, 2005.  CSIRO counterclaimed against the defendants for infringement on September 22, 2006.

28.     Cause No. 6:06-CV-550, the Toshiba Litigation, is a complaint for infringement filed by CSIRO against D-Link Systems, Inc., Belkin Corporation, Accton Technology Corporation, SMC Networks, Inc., 3Com Corporation, Toshiba America Information Systems, Inc., Nintendo of America, Inc., Fujitsu Computer Systems Corporation, and Asus Computer International in the Eastern District of Texas on December 22, 2006.

29.     On September 22, 2006, CSIRO answered Intel's and Dell's declaratory judgment complaint in *Intel, et al. v. CSIRO*, 3:05-cv-01886 (N.D.Cal.) and filed counterclaims alleging that Intel and Dell directly and indirectly infringed the '069 Patent.

- 14 -

30.     The following additional facts are submitted by the Buffalo Defendants alone:

    i.  The '069 Patent is entitled "Wireless LAN."

    ii.  The '069 Patent relates to wireless local area networks (WLAN).

    iii.  When designing a WLAN, one factor often considered is the issue of radio waves being reflected by walls, furniture or other items, creating "multipath" where a radio signal is dispersed and arrives at the receiver from different paths.

## F.    CONTESTED ISSUES OF FACT AND LAW

The parties identify the following issues of fact that remain to be litigated.  To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated into this section.  The parties reserve the right to identify additional factual issues that may arise.

### Contested Issues Of Fact As Stated By Plaintiff:[8]

1.     Whether each of the Defendants has directly infringed and continues directly to infringe, literally or under the doctrine of equivalents, claims 10,  42, 44, 46,  48, 68, 70 or 72 of the '069 Patent by making, using, selling, importing, or offering for sale the accused products.

2.     Whether the Defendants' accused products satisfy the claim limitation of means to apply data reliability enhancement as construed by the Court.[9]

3.     Whether the Defendants' accused products satisfy the claim limitation of means for interleaving blocks or bits of data as construed by the Court.

4.     Whether Defendants' accused products satisfy the claim limitation of transmission signal processing means comprising modulation means for modulating input data into a plurality of sub-channels comprised of a sequence of data symbols such that the period of a subchannel

---

[8]  The only outstanding issues of infringement with regards to Buffalo are indirect  infringement of Claim 10 and willful infringement.

[9]  Defendants preserve their objections to the Court's claim construction in this action and any subsequent appeals.

symbol is longer than a predetermined period representative of the time delay of significant ones (as construed by the Court ) of non-direct transmission paths.

5.      Whether each Defendant directly infringed and continues directly to infringe claims 10, 42, 44, 46, or 48 by using the devices described in one or more of those claims, and claims 68, 70 or 72 of the '069 Patent by practicing the methods described in one or more of those claims.

6.      Whether each Defendant indirectly infringed and continues indirectly to infringe by the manufacture, sale, importation, and/or offer for sale of products to others who (i) directly infringe claims 10, 42, 44, 46, or 48 by using products that are described in one or more of those claims, or (ii) directly infringe claims 68, 70 or 72 of the '069 Patent by using Defendants' products in the course of practicing the methods described in one or more of those claims.

7.      Whether each Defendant willfully infringed or willfully induced infringement of one or more claims of the '069 Patent.

8.      Whether CSIRO's letter of assurance applies only to the 802.11a standard.

9.      Whether Defendants are entitled to and have reasonably relied on CSIRO's letter of assurance to the IEEE.

10.      Whether Defendants have made any written request for a license for the '069 Patent as required by CSIRO's letter of assurance.

11.      Whether Defendants sought a license pursuant to any alleged RAND commitment before they starting infringing the '069 Patent.

12.      Whether Defendants forfeited any right to rely on CSIRO's alleged RAND commitment by infringing the '069 Patent.

13.      Whether Defendants forfeited any right to rely on CSIRO's alleged RAND

commitment by contesting that it was essential to practice the 802.11a, 802.11g and draft 802.11n standards.

14.     Whether CSIRO's offers to license were reasonable and non-discriminatory.

15.     Whether CSIRO's conduct regarding any alleged RAND commitment is so inequitable as to bar CSIRO's claims or to limit CSIRO's entitlement to damages. [10]

16.     Whether CSIRO intentionally engaged in conduct before the USPTO such that would be inequitable to permit CSIRO to enforce its patent.

17.     Whether CSIRO, by delaying in enforcing its rights, engaged in conduct so inequitable as to bar CSIRO's claims or limit CSIRO's entitlement to damages.

**Contested Issues Of Fact As Stated By Defendants:**

1.     Whether Defendants' manufacture, use, sale or offer for sale of the accused products within the United States constitutes infringement of claims 10, 42, 44, 46, 48, 68, 70 or 72 of the '069 Patent.

2.     Whether claims 10, 42, 44, 46, 48, 68, 70 and 72 of the '069 Patent are invalid under 35 U.S.C. § 102.

3.     Whether claims 10, 42, 44, 46, 48, 68, 70 and 72 of the '069 Patent are invalid under 35 U.S.C. § 103.

4.     Whether claims 10, 42, 44, 46, 48, 68, 70 and 72 of the '069 Patent are invalid under 35 U.S.C. § 112.

5.     Whether the '069 Patent is unenforceable as a result of inequitable conduct committed during prosecution of the patent application for the patent.

---

[10]The specific factual issues related to Defendants' affirmative defenses are more fully detailed in each parties' respective proposed findings of fact and conclusions of law on these issues for the Court.

6.      Whether CSIRO is estopped from enforcing the '069 Patent because of misleading conduct and/or silence by CSIRO upon which Defendants relied and have been prejudiced.

7.      Whether CSIRO is estopped from enforcing the '069 Patent for royalties in excess of RAND royalties because of misleading conduct and/or silence by CSIRO upon which Defendants relied and have been prejudiced.

8.      Whether CSIRO engaged in misleading conduct through breach of its RAND commitment; whether Defendants relied on CSIRO to honor its RAND commitment; and whether Defendants have been prejudiced as a result.

9.      To the extent CSIRO contends that its original 1998 RAND commitment does not extend to subsequent amendments, such as 802.11g and draft 802.11n, whether CSIRO engaged in misleading conduct by remaining silent regarding the '069 Patent in the face of a disclosure duty to the IEEE; whether Defendants relied on CSIRO to fulfill its duty to the IEEE; and, whether Defendants have been prejudiced as a result.

10.     Whether CSIRO is estopped from enforcing the '069 Patent for anything besides a RAND royalty because CSIRO granted Defendants the right to license the '069 Patent on RAND terms; in return, the applicable 802.11 standards were adopted; and, CSIRO now seeks to wrongfully take away from the right granted to the Defendants.

11.     Whether CSIRO is estopped from enforcing the '069 Patent because CSIRO granted Defendants the right to license the '069 Patent on RAND terms; in return, the applicable 802.11 standards were adopted; and, CSIRO now seeks to wrongfully take away from the right granted to the Defendants.

12.     Whether CSIRO provided the IEEE and Defendants a commitment to license the '069 Patent on RAND terms; in exchange, the IEEE adopted the applicable 802.11 standards;

and, CSIRO has wrongly tried to break its RAND commitment by either denying existence of its RAND commitment, or through its unreasonable and discriminatory licensing efforts.

13.     Whether the '069 Patent is unenforceable due to patent misuse by CSIRO during its efforts to license the patent.

14.     Whether the '069 Patent is unenforceable due to patent misuse by CSIRO during its efforts to license the patent until CSIRO modifies its licensing practices to be consistent with its RAND commitment.

15.     Whether CSIRO went back on its commitment to the IEEE to license the '069 Patent on reasonable and/or nondiscriminatory terms.

16.     Whether '069 Patent is unenforceable for patent misuse based on CSIRO's purposeful silence during the promulgation and commercialization of the relevant 802.11 standards, and subsequent embarking on licensing strategy based on non-RAND terms, all of which constitutes an illegal expansion of the rights granted by a patent.

17.     To the extent CSIRO contends that its original 1998 RAND commitment does not extend to subsequent amendments, such as 802.11g and draft 802.11n, whether CSIRO remained silent regarding the '069 Patent in the face of a disclosure duty to the IEEE.

18.     Whether the doctrine of waiver bars CSIRO's claims, or at least limits any damages available to CSIRO to RAND royalties.

19.     Whether the '069 Patent is unenforceable because of CSIRO's unclean hands resulting from its efforts to license the '069 Patent.

20.     Whether the '069 Patent is unenforceable because of CSIRO's unclean hands during its efforts to license the patent until CSIRO modifies its licensing practices to be consistent with its RAND commitment.

21.     Whether the doctrine of laches bars CSIRO from recovering damages, if any, **for** the period of time before CSIRO asserted infringement claims against Defendants in these cases.

22.     Whether CSIRO's failure to satisfy marking requirements pursuant to 35 U.S.C. § 287 limits the damages available to CSIRO for any alleged acts of infringement.

23.     If Defendants are found liable for willful infringement, whether CSIRO is entitled to enhanced damages.

24.     Whether CSIRO would be entitled to a permanent injunction.

25.     Whether there was an objectively high likelihood that Defendants were infringing a valid patent; and, if so, whether each Defendant knew or should have known of that likelihood.

26.     Whether CSIRO is entitled to costs or attorneys' fees under statute.

27.     Whether Defendants are entitled to their costs and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 285 and 288, and any other relief deemed appropriate by the Court.

28.     Whether CSIRO has met its burden of proof on any additional contested issues of fact CSIRO raises above.

29.     Whether, during licensing negotiations with Defendants, CSIRO failed to offer reasonable and nondiscriminatory licensing terms in violation of CSIRO's RAND commitment.

30.     Whether the theory of equitable estoppel precludes CSIRO from recovering against Defendants, or at least limits CSIRO to obtaining RAND royalties.

31.     If Defendants' motion for summary judgment of no willful infringement is denied, whether the Defendants willfully infringed the '069 Patent.

32.     Whether the theory of legal estoppel precludes CSIRO from recovering against Defendants, or at least limits CSIRO to obtaining RAND royalties.

33.     Whether the theory of unclean hands precludes CSIRO from recovering against

Defendants, or at least limits CSIRO to obtaining RAND royalties.

34.     Whether the theory of patent misuse precludes CSIRO from enforcing the '069 Patent, or at least precludes CSIRO from enforcing the '069 Patent to obtain royalties greater than RAND royalties. [11]

## 2.     **Questions of Law**

The parties identify the following contested issues of law.  To the extent that any of the issues of fact set forth above in the parties' contested issues of fact may be considered issues of law, the parties hereby incorporate those issues by reference.   Although the following contested issues of law are equitable issues for the Court, Defendants may request that the jury provide advisory verdicts on these issues.  Moreover, some of the issues listed below also include issues of fact, and this is not a concession that these are purely legal issues.

**As Stated by Plaintiff:**

1.     Whether CSIRO's claim for injunctive relief and Defendants' affirmative defenses of equitable estoppel, patent misuse, inequitable conduct, waiver, laches, unclean hands, and any other equitable and RAND-based defenses should be tried exclusively to the Court.

2.     Whether as a matter of law the Defendants' accused products satisfy the claim limitation of means to apply data reliability enhancement.

3.     If willful infringement is found, whether plaintiff CSIRO is entitled to treble damages.

4.     If infringement is found, whether plaintiff CSIRO is entitled to a permanent injunction applying the four factors considered in *eBay v. MercExchange*, 547 U.S. 388 (2006).

5.     Whether this case is exceptional under 35 U.S.C. § 285 and, if CSIRO prevails,

---

[11] The parties note that nothing identified as a factual issue should be construed on a concession regarding pending summary judgment motions.

whether the Court should award CSIRO its attorney's fees.

**As Stated by Defendants:**

1.      Whether the '069 Patent is unenforceable by virtue of inequitable conduct committed during the prosecution of the patent application maturing into the '069 Patent.

2.      If Defendants are found liable for willful infringement, whether CSIRO is entitled to enhance damages.

3.      Whether CSIRO is entitled to injunctive relief.

4.      Whether CSIRO is entitled to costs or attorneys' fees under statute.

5.      Whether Defendants are entitled to their costs and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 285 and 288, and any other relief deemed appropriate by the Court.

6.      Whether CSIRO has met its burden of proof on any additional contested issues of law CSIRO raises above.

7.      What the proper construction is of the terms used in the claims of the '069 Patent.

**G.      ISSUES REGARDING JURY AND BENCH TRIAL**

Defendants have filed a Motion to Modify the Trial Structure.  CSIRO's opposition is due on March 23, 2009.  Those papers discuss the parties' contentions regarding issues to be tried by the Court rather than a jury.  CSIRO contends that Defendants' equitable affirmative defenses (RAND and inequitable conduct) should be tried by the Court.  Defendants contend that the Court should decide these issues with the aid of special verdict findings of the jury.

**H.      LIST OF WITNESSES**

Plaintiff CSIRO's Trial Witness List is attached hereto as Exhibit 1.

Plaintiff CSIRO's Deposition Designations (with Defendants' Objections and Counter-Designations) are attached hereto as Exhibit 2.

Defendants' Trial Witness List is attached hereto as Exhibit 3.

Defendants' Deposition Designations (with Plaintiff CSIRO's Objections and Counter-

Designations) are attached hereto as Exhibit 4.

Buffalo's Trial Witness List is attached hereto as Exhibit 5.

**I.**     **LIST OF EXHIBITS**

Plaintiff CSIRO's Exhibit List is attached hereto as Exhibit 6.

Defendants' Exhibit List is attached hereto as Exhibit 7.

Buffalo's Exhibit List is attached hereto as Exhibit 8.

**J.**     **LIST OF PENDING MOTIONS**

| Title | Date Filed |
|---|---|
| Motion of CSIRO to Exclude Expert Report and Testimony of Patent Law Expert John T. Goolkasian | 11/24/2008 |
| Motion and Memorandum of CSIRO for Summary Judgment Regarding Defendants' Defense of Inequitable Conduct | 11/24/2008 |
| Defendants' Motion for Summary Judgment and *Daubert* Motion Regarding Double Recovery | 11/24/2008 |
| Defendants' Motion for Summary Judgment of No Willfulness | 11/24/2008 |
| Motion and Memorandum of CSIRO in Support of its Motion for Summary Judgment that the Asserted Claims of the '069 Patent are Not Invalid as Anticipated, as Obvious Under Certain Combinations of Art, or for Adding New Matter | 11/24/2008 |
| CSIRO's Motion for Summary Judgment on Affirmative "RAND" Defenses and Claims | 11/24/2008 |
| CSIRO's Motion to Exclude Expert Report and Testimony of Thomas W. Britven | 11/24/2008 |
| CSIRO's Motion to Exclude Expert Report and Testimony of "RAND" Expert Gerald Rosenthal | 11/24/2008 |
| Motion and Memorandum of CSIRO In Support of its Motion for Summary Judgment of Infringement | 11/24/2008 |
| CSIRO's Motion to Strike Expert Opinion Testimony of Dr. Gottfried Ungerboeck | 1/9/2009 |
| Defendants' Motion to Exclude Testimony of CSIRO's Expert Dr. Allen Levesque Regarding Obviousness | 1/12/2009 |
| Defendants' Motion Requesting Modification To Trial Structure | 3/13/2009 |

**K.      PROBABLE LENGTH OF TRIAL**

Plaintiff CSIRO believes that trial will take 5 court days.

Defendants believe that trial will take 12 court days.

**L.      MANAGEMENT OF CONFERENCE LIMITATIONS**

Exhibits shall be handled in accordance with the Court's Order Regarding Exhibits dated March 5, 2009.  If exhibits are voluminous, only specific pages that pertain to the issues shall be provided on the required number of copies unless specified otherwise by the Court.

**M.      CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)      Full and complete disclosure has been made with the Federal Rules of Civil Procedure and the Court's orders;

(2)      Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules and the Court's orders have been complied with and not altered by agreement or otherwise, although the parties have reached agreements regarding modifications which have or will be submitted to the Court for approval;

(3)      Each exhibit in the List of Exhibits herein:

(a)      is in existence;

(b)      is numbered on the list; and

(c)      has been disclosed and shown to opposing counsel (except for any items which are in the process of being exchanged per agreements between the parties).

Approved as to form and substance:


By:   /s/ Daniel J. Furniss
        Daniel J. Furniss (CA State Bar No. 73531)
        Email:  djf@townsend.com
        Gary H. Ritchey (CA State Bar No. 136209)
        Email:  ghritchey@townsend.com
        Robert D. Tadlock (CA State Bar No. 238479)
        Email:  rdtadlock@townsend.com
        TOWNSEND AND TOWNSEND AND CREW LLP
        379 Lytton Avenue
        Palo Alto, CA 94301
        Telephone: (650) 326-2400
        Facsimile:  (650) 326-2422

        S. Calvin Capshaw (TX State Bar No. 03783900)
        Email:  ccapshaw@capshawlaw.com
        CAPSHAW DERIEUX LLP
        1127 Judson Road, Suite 220, P.O. Box 3999
        Longview, Texas 75601-5157
        Telephone: (903) 236-9800
        Facsimile: (903) 236-8787

        Attorneys for Defendant and Counterclaimant
        COMMONWEALTH SCIENTIFIC AND
        INDUSTRIAL RESEARCH ORGANISATION


By: /s/ Barry K. Shelton by permission DJF
        Barry K. Shelton (TX State Bar 24055029)
        Email:  shelton@fr.com
        Fish & Richardson P.C.
        111 Congress Avenue, Suite 810
        Austin, Texas  78701
        Tel:  (512) 226-8105
        Fax:  (512) 320-8935
        Counsel for MICROSOFT CORPORATION

By:  /s/ David J. Levy by permission DJF
        David J. Levy (TX State Bar 12264850)
        Email:  dlevy@morganlewis.com
        Morgan, Lewis & Bockius LLP
        1000 Louisiana Street, Suite 4200
        Houston, TX  77002
        Tel:  (713) 890-5170/Fax:  (713) 890-5001

Of Counsel:
Rick L. Rambo (TX State Bar 00791479)
Email:  rrambo@morganlewis.com
Morgan, Lewis & Bockius LLP
1000 Louisiana Street, Suite 4200
Houston, TX  77002
Tel:  (713) 890-5170
Fax:  (713) 890-5001

Jennifer Parker Ainsworth (TX State Bar 00784720)
Email:  jainsworth@wilsonlawfirm.com)
Wilson, Robertson & Cornelius, P.C.
909 ESE Loop 323, Suite 400
Tyler, TX  75701
Tel:  (903) 509-5000
Fax:  (903) 509-5092
Counsel for HEWLETT-PACKARD CO.

By:  ___/s/ Brian D. Range by permission DJF___
Brian D. Range (TX State Bar 24033106)
Email:  brange@wsgr.com
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway
Westech 360, Suite 3350
Austin, TX  78759
Tel:  (512) 338-5400
Fax: (512) 338-5499

James A. DiBoise (*pro hac vice*)
Email:  jdiboise@wsgr.com
Wilson Sonsini Goodrich & Rosati
One Market Street
Spear Tower, Suite 3300
San Francisco, CA  94103
Tel:  (415) 947-2000
Fax: (415) 947-2009

Ryan R. Smith (*pro hac vice*)
Email:  rsmith@wsgr.com
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA  94304
Tel:  (650) 493-9300
Fax:  (650) 565-5100
Counsel for NETGEAR, INC.

By:  */s/ Robert Van Nest by permission DJF*
    Robert A. Van Nest (*pro hac vice*)
    Email: rvannest@kvn.com
    Keker & Van Nest LLP
    710 Sansome Street
    San Francisco, CA  94111
    Tel:  (415) 391-5400
    Fax:  (415) 397-7188
    Counsel for INTEL CORPORATION

By:  */s/ Daniel T. Conrad by permission DJF*
    Daniel T. Conrad (TX State Bar 24026608)
    Email:  dtconrad@jonesday.com
    Jones Day
    2727 N. Harwood Street
    Dallas, TX  75201
    Tel:  (214)220-3939
    Fax:  (214) 969-5100
    Counsel for DELL, INC.

By:  */s/ Irfan A. Lateef by permission DJF*
    Irfan A. Lateef (*pro hac vice*)
    Email:  LitTAISL.007L@kmob.com
    Knobbe, Martens, Olson & Bear, LLP
    2040 Main Street, 14th Fl.
    Irvine, CA  92614
    Tel:  (949) 760-0404
    Fax:  (949) 760-9502

    Melvin Wilcox (TX State Bar 21454800)
    Email:  mrw@yw-lawfirm.com
    Yarbrough Wilcox, PLLC
    100 E. Ferguson, Suite 1015
    Tyler, TX  75702
    Tel:  (903) 595-1133
    Fax: (903) 595-0191
    Counsel for TOSHIBA AMERICA INFORMATION
    SYSTEMS, INC.

By:  */s/ Matthew Brigham by permission DJF*
    Mathew Brigham (*pro hac vice*)
    Email:  brighammj@cooley.com
    Thomas Friel (*pro hac vice*)
    Email:  frieltj@cooley.com
    Timothy Teter (*pro hac vice*)

Email:  teterts@cooley.com
Brian Wikner (*pro hac vice*)
Email:  bwikner@cooley.com
Cooley Godward Kronish, LLP
3000 El Camino Real
Palo Alto, CA 94306
(650) 843-5000
(650) 857-0663

Robert W. Faris (*pro hac vice*)
Email:  rwf@nixonvan.com
John Lastova (*pro hac vice*)
Email:  jrl@nixonvan.com
Nixon & Vanderhye, P.C.
901 North Glebe Road, 11th Fl.
Arlington, VA  22203
Tel:  (703) 816-4000
Fax:  (703) 816-4100

Eric H. Findlay (TX State Bar 00789886)
Email:  efindlay@findlaycraft.com
Findlay Craft
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX  75703
Tel:  (903) 594-1100
Fax:  (903) 594-1137
Counsel for NINTENDO OF AMERICA, INC.

By: */s/ Karl J. Kramer by permission DJF*
    Karl J. Kramer (pro hac vice)
    Email:  kkramer@mofo.com
    Christopher F. Jeu (TX State Bar 24050823)
    Email:  cjeu@mofo.com
    Morrison & Foerster LLP
    755 Page Mill Road
    Palo Alto, CA  94304
    Tel:  (650) 813-5600
    Fax:  (650) 494-0792
    Counsel for FUJITSU COMPUTER SYSTEMS
    CORPORATION

By:  */s/ Eric M. Albritton by permission DJ*F
    Eric M. Albritton (TX State Bar 00790215)
    Email:  ema@emafirm.com
    Albritton Law Firm
    P.O. Box 2649

Longview, TX  75606
Tel:  (903) 757-8449
Fax:  (903) 758-7397

Scott Stevens (TX State Bar 00792024)
Email:  scott@seslawfirm.com
Steven Law Firm
P.O. Box 807
Longview, TX  75606
Tel:  (903) 753-6760
Fax: (903) 753-6761

Patrick D. Benedicto (CA Bar 195847)
Email:  patrick@obllp.com
Okamoto & Benedicto LLP
1737 N. First Street, Suite 270
San Jose, CA  95112
Tel:  (408) 436-2112
Fax:  (408) 436-2114
Counsel for ASUS COMPUTER INTERNATIONAL

By:  _/s/ Kristopher Dawes by permission DJF_
    Kristopher Dawes (*pro hac vice*)
    Email:  kdawes@omm.com
    O'Melveny & Myers LLP
    610 Newport Center Drive
    New Port Beach, CA  92660-6429
    Tel:  (949) 823-6921
    Fax:  (949) 823-6994

    Herbert Yarbrough (TX State Bar 22133500)
    Email:  trey@yw-lawfirm.com
    Wilcox Yarbrough PLLC
    100 E. Ferguson Street, Suite 1015
    Tyler, TX  75702
    Tel:  (903) 595-3111
    Fax:  (903) 595-0191
    Counsel for BELKIN INTERNATIONAL, INC.

By:  _/s/ Richard Vasquez by permission DJF_
    Richard C. Vasquez (*pro hac Vice*)
    Email: rvasquez@vbllaw.com
    Eric W. Benisek (*pro hac vice*)
    Email:  ebenisek@vbllaw.com
    Jeffrey T. Lindgren  (*pro hac vice*)
    Email:  jlindgren@vbllaw.com

Craig E. Davis (*pro hac vice*)
Email:  cdavis@vbllaw.com
Avin Sharma (*pro hac vice*)
Email: asharma@vbllaw.com
VASQUEZ BENISEK & LINDGREN, LLP
3685 Mt. Diablo Blvd., #300
Lafayette, CA  94549
Tel:  (925) 627-4250
Fax:  (925) 403-0900

William J. Cornelius, Jr. (TX State Bar 04834700)
Wilson, Robertson & Cornelius, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX  75701
Tel:  (903) 509-5000
Fax: (903) 509-5091
Counsel for  3COM CORPORATION, ACCTON
TECHNOLOGY CORP. USA, D-LINK SYSTEMS,
INC. AND SMC NETWORKS, INC.


This Joint Pre-Trial Order is hereby approved this _____ day of _____, 2009.


_____
United States District Judge

61854989 v1

438161.03