**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **INTEL CORPORATION, et al.,** | § § | |
| Plaintiffs, | § § | **Civil No. 6:06-cv-551** |
| v. | § § | |
| **COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION,** | § § § § § | |
| Defendant. | § § | |
| _____ | § | |
| **MICROSOFT CORP., et al.,** | § § | |
| Plaintiffs, | § § | **Civil No. 6:06-cv-549** |
| v. | § § | |
| **COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION,** | § § § § § | |
| Defendant. | § § | |
| _____ | § | |
| **COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION,** | § § § § | |
| Plaintiff, | § § | **Civil No. 6:06-cv-550** |
| v. | § § | |
| **TOSHIBA AMERICA INFORMATION SYSTEMS, INC., et al.,** | § § § | |
| Defendants. | § § | |
| _____ | § | |
| **COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION,** | § § § § | |
| Plaintiff, | § § | **Civil No. 6:06-cv-324** |
| v. | § § | |
| **BUFFALO TECHNOLOGY (USA), et al.,** | § § § | |
| Defendants. | § | |

1

**ORDER**

After reviewing the written submissions and oral arguments the Court **DENIES** Defendants' Motion to Modify Trial Structure (6:06cv324 Docket No. 350; 6:06cv549 Docket No. 512; 6:06cv550 Docket No. 584; 6:06cv551 Docket No. 465) with opinion to follow; **DENIES** CSIRO's Motion to Strike Expert John Goolkasian but Goolkasian will not testify to the jury (6:06cv549 Docket No. 375; 6:06cv550 Docket No. 441; 6:06cv551 Docket No. 323); **DENIES** CSIRO's Motion to Strike Expert Gerald Rosenthal (6:06cv549 Docket No. 385; 6:06cv550 Docket No. 451; 6:06cv551 Docket No. 332); **DENIES** CSIRO's Motion for Summary Judgment on RAND Defenses (6:06cv549 Docket No. 382; 6:06cv550 Docket No. 448; 6:06cv551 Docket No. 330); **DENIES** CSIRO's Motion for Summary Judgment that the Patent Claims Are Not Invalid (6:06cv549 Docket No. 380; 6:06cv550 Docket No. 447; 6:06cv551 Docket No. 329); **DENIES** CSIRO's Motion for Summary Judgment of No Inequitable Conduct (6:06cv549 Docket No. 376; 6:06cv550 Docket No. 442; 6:06cv551 Docket No. 324); and **DENIES** Defendants' Motion for Summary Judgment of No Willfulness (6:06cv549 Docket No. 378; 6:06cv550 Docket No. 445; 6:06cv551 Docket No. 327).

The Court takes under advisement Defendants' Motion to Supplement Based on Reexamination (6:06cv549 Docket No. 507; 6:06cv550 Docket No. 579; 6:06cv551 Docket No. 460) and CSIRO's Motion for Summary Judgment of Infringement (6:06cv549 Docket No. 384; 6:06cv550 Docket No. 450; 6:06cv551 Docket No. 333). The Court further **ORDERS** that CSIRO may file a supplemental brief regarding Defendants' Motion to Supplement Based on Reexamination by 10:00 a.m. on Monday March 30, 2009.

The Court **GRANTS** in part CSIRO's Motion to Strike Expert Gottfried Ungerboeck (6:06cv549 Docket No. 439; 6:06cv550 Docket No. 508; 6:06cv551 Docket No. 387). Ungerboeck

may not testify as to any of his opinions regarding the issues presented in this case. Defendants may tender him as a fact witness outside the jury's presence, CSIRO may take him on voir dire, and the Court will determine then whether he will be allowed to testify as a fact witness.

The Court **GRANTS** Defendants' Motion for Leave to File Defendants' Motion to Exclude Expert Allen Levesque Regarding Obviousness (6:06cv549 Docket No. 444; 6:06cv550 Docket No. 513; 6:06cv551 Docket No.393). The Court **GRANTS** in part Defendants' Motion to Exclude Expert Allen Levesque (6:06cv549 Docket No. 445; 6:06cv550 Docket No. 514; 6:06cv551 Docket No. 394). Levesque may not testify as to the ultimate issue of "obviousness" but may testify concerning secondary considerations relevant to the obviousness analysis provided that a proper foundation is laid prior to him rendering his opinions. Defendants are granted a one hour supplemental deposition to address any testimony that may not be contained in Levesque's current expert report as discussed at the hearing.

The Court **ORDERS** the parties to file a supplemental brief detailing the trial time necessary to conduct direct examinations of their "A" witnesses by 12 p.m. on Tuesday, March 31, 2009. The list should be broken down by the categories of infringement, willfulness, invalidity, and equitable defenses. The list shall include the witnesses that will be called for each of these issues, the time necessary for direct examination of each witnesses, and a short statement of the expected testimony.

The Court **ORDERS** CSIRO to submit a list of all accused products to Defendants by 12 p.m. on Wednesday, April 1, 2009. The Court **ORDERS** Defendants to file a brief detailing which products, if any, will be subject to individual (not common) defenses at trial necessitating an individual jury question by 12 p.m. on Friday, April 3, 2009.

The Court **ORDERS** the parties to meet and confer and file a joint proposed juror

questionnaire by 5:00 p.m. Monday, March 30, 2009 in the manner specified at the hearing.

The Court further **ORDERS** the parties to meet and confer and file joint proposed jury instructions and verdict form by 12:00 p.m. on Friday, April 3, 2009. The jury instructions and verdict form should each be in a single document detailing all proposed requests of the parties, with objections specified by footnote. Concurrently, the parties shall email a WordPerfect version of the instructions and verdict form to Andrea_Houston@txed.uscourts.gov.

The Court **ORDERS** the parties to meet and confer on their motions in limine and to file a notice by 12 p.m. on April 2, 2009 of which items still require the Court's resolution.

**So ORDERED and SIGNED this 27th day of March, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**