# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| INTEL CORPORATION, et al., | § | Case No. 6:06-CV-551 (LED) |
| | § | |
| Plaintiffs, | § | Jury Trial Demanded |
| | § | |
| v. | § | |
| | § | |
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, | § | |
| | § | |
| Defendant. | § | |
| MICROSOFT CORP., et al., | § | Case No. 6:06-CV-549 (LED) |
| | § | |
| Plaintiffs, | § | Jury Trial Demanded |
| | § | |
| v. | § | |
| | § | |
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, | § | |
| | § | |
| Defendant. | § | |
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, | § | Case No. 6:06-CV-550 (LED) |
| | § | Jury Trial Demanded |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TOSHIBA AMERICA INFORMATION SYSTEMS, INC., et al., | § | |
| | § | |
| Defendants. | § | |
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, | § | Case No.: 6:06-CV-324 (LED) |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BUFFALO TECHNOLOGY (USA), et al. | § | |
| | § | |
| Defendants. | § | |

## PROPOSED JURY INSTRUCTIONS

# TABLE OF CONTENTS

**Page**

PRELIMINARY INSTRUCTIONS ................................................................................................ 3

   Agreed Instruction No. 1:  Introduction ..................................................................... 3

   Agreed-in-Part/Disputed-in-Part Instruction No. 2:  The Parties and the
      Nature of the Case ................................................................................................. 6

   Agreed Instruction No. 3:  Right to Own U.S. Patents ............................................. 8

   CSIRO's Proposed Instruction No. 4:  Parties Not Present At Trial ........................ 9

   Agreed Instruction No. 6:  Issues To Be Decided .................................................. 10

   Agreed Instruction No. 7:  Burdens of Proof .......................................................... 11

   Agreed Instruction No. 8: Willful Infringement ..................................................... 12

   Agreed-in-Part/Disputed-in-Part Instruction No. 9: Defendants'
      Contentions – Invalidity – General ..................................................................... 13

   Agreed-in-Part/Disputed-in-Part Instruction No. 10: Invalidity –
      Anticipation ......................................................................................................... 14

   Agreed-in-Part/Disputed-in-Part Instruction No. 11: Invalidity –
      Obviousness ......................................................................................................... 17

439757.01

Plaintiff Commonwealth Scientific & Industrial Research Organisation ("CSIRO"), and

Defendants Toshiba American Information Systems, Inc., Nintendo of America, Inc., D-Link

Systems, Inc., Belkin Corporation, Accton Technology Corporation (Taiwan), SMC Networks,

Inc., 3Com Corporation, NETGEAR, Inc., Intel Corporation, Dell, Inc. (collectively

"Defendants"), and Defendants Buffalo Technology (USA), Inc. and Buffalo Inc. (jointly

"Buffalo") hereby submit their proposed jury instructions.

The parties have met-and-conferred to limit the number and scope of issues to be

resolved by the Court.  Through this meet-and-confer process, the parties have substantially

reduced the disputed issues.  The remaining disputed issues are identified as follows:

1.     Disputed language is identified by brackets and underlining (*e.g.*, [disputed language])

2.     Language that is proposed by CSIRO but objected to Defendants and/or Buffalo is further identified by bold (*e.g.*, [**CSIRO's proposed language**])

3.     Language that is proposed by Defendants and/or Buffalo but objected to by CSIRO is further identified by italics (*e.g.*, [*Defendants' and Buffalo's proposed language*])

In accordance with the Court's instructions, all objections and supporting statements are

provided as footnotes to the disputed instruction or language.

## PRELIMINARY INSTRUCTIONS

### Agreed Instruction No. 1:  Introduction

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case.  As the jury, you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an Opening Statement. Opening statements are intended to assist you in understanding the evidence.  What the lawyers say is not evidence.

After the Opening Statements, the Plaintiff will call witnesses and present evidence. Then, the Defendants will have an opportunity to call witnesses and present evidence.  After the main case is completed, the parties may be permitted to present rebuttal evidence.  After all the evidence is completed, the lawyers will again address you to make Closing Arguments.  Then I will instruct you on the applicable law.  You will then retire to deliberate on a verdict.

Keep an open mind during the trial.  Do not decide any fact until you have heard all of the evidence, the Closing Arguments, and my instructions.

Pay close attention to the testimony and evidence.

If you would like to take notes during the trial, you may do so.  If you do take notes, be careful not to get so involved in note-taking that you become distracted and miss part of the testimony.  Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes.  If you do not take notes, you should rely on your own independent memory of the evidence.  Do

- 3 -

not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the-recollection of each juror concerning the evidence.

A court reporter is making stenographic notes of everything that is said.  If you request to see a specific portion of the testimony, a copy will be provided to you.  Any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.  If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately.  Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial but that you also appear to be fair and impartial.  For that reason, it is also important that you not discuss or publish any information about the case or your jury service on any websites, chatrooms, blogs, or social networking sites (e.g. Facebook, MySpace, Twitter) before or during the course of this trial.

Do not make any independent investigation of any fact or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.  In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.  Similarly, do not conduct any internet or other research regarding the case, the parties, or the technology involved.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any

- 4 -

trial.  You should not speculate on what was discussed during such times.

**Source**:  Fifth Judicial Circuit Pattern Jury Instructions (Civil Cases), Preliminary Instructions §1.1 (as modified) (2006).

## PRELIMINARY INSTRUCTIONS

### Agreed-in-Part/Disputed-in-Part Instruction No. 2:  The Parties and the Nature of the Case[1]

The Plaintiff in this case is Commonwealth Scientific and Industrial Research Organization ("CSIRO").  The Defendants in this case are Toshiba America Information Systems, Inc., 3Com Corporation, Accton Technology Corporation, ASUS Computer International, Belkin Corporation, D-Link Systems, Inc., Nintendo of America, Inc., SMC Networks, Inc., Netgear, Inc., Intel Corp., Dell, Inc., Buffalo Technology (USA), Inc., and Buffalo, Inc. (jointly, the "Defendants").

This case is about U.S. Patent Number 5,478,069, which is titled "Wireless LAN" and lists John D. O'Sullivan, Graham R. Daniels, Terence M. P. Percival, Diethelm I. Ostry, and John F. Deane as the inventors.  For convenience, the parties and I will often refer to the patent by the last three numbers of its patent number (*e.g.*, the '069 Patent).

It is my job as the Judge to determine the meaning of any claim language that needs interpretation.  You must accept the meanings I give you and use them when you decide whether any claim of the patent is invalid.

Under the Court's interpretation of the claims, Defendants concede that their products practice claims 42, 44, 46, 48, 68, 70, and 72 of the '069 patent.  Thus, you will not be asked to decide whether Defendants infringe those claims.  You will, however, be asked to decide whether each of the Defendants has willfully infringed these claims, as the Plaintiff contends.

---

[1] [Defendants maintain their objection that the jury should render an advisory opinion regarding equitable issues, e.g., unenforceability due to inequitable conduct.  Defendants therefore believe that this instruction should also list those equitable defenses.  For the preservation of the record, Defendants also restate their Seventh Amendment objection to the presentation of liability and damages issues to separate juries.]

- 6 -

You will also be asked to decide whether any of claims 42, 44, 46, 48, 68, 70, and 72 of the '069 Patent are invalid, as the Defendants contend.

Your juror notebooks contain copies of the claims the Plaintiff is asserting, a copy of the '069 Patent, a Glossary of Common Patent Terms, a Claim Chart for the '069 Patent, and note paper if you wish to take notes.

**PRELIMINARY INSTRUCTIONS**

**Agreed Instruction No. 3:  Right to Own U.S. Patents**

The '069 Patent is owned by CSIRO, an agency of the Australian government.  Although CSIRO is a foreign entity, under patent law, it has the right to own a patent like every other person or entity that qualifies regardless of origin, nationality, or sponsorship of the patent holder.  Many foreign companies hold U.S. patents and many U.S. companies similarly hold foreign patents.  Therefore, the fact that the '069 Patent is owned by an Australian research organization should not play any part in your deliberations.

439757.01

## PRELIMINARY INSTRUCTIONS

### CSIRO's Proposed Instruction No. 4:  Parties Not Present At Trial[2]

[**During the trial, you will hear references to a number of companies that are not present here as parties.  You should not to speculate about the reasons for their non-appearance in this trial, nor should you to draw any inference from their non-appearance, beneficial or detrimental.  The fact that certain companies are not present at this trial and/or the reasons for their non-appearance should not have any bearing on your consideration of the evidence or issues in this case.**]

---

[2] **Defendants'/Buffalo objections:**  Defendants object to CSIRO's proposed instruction for the following reasons:

- The instruction is inappropriate.  Defendants should be allowed to make reference to other non-parties in defending against CSIRO's allegations of inducement and willfulness.

- The instruction is unnecessary.  Because they instruct the jury to evaluate only whether each accused Defendant's products infringe, the instructions regarding infringement subsume this instruction.

- CSIRO has provided no basis for including such an instruction; none of the models include such an instruction, nor does the Court's sample jury charge.

- CSIRO will need to explain to the jury why it did not pursue those entities that make the chips with the alleged "inventive magic", i.e., the various chipmakers.

## PRELIMINARY INSTRUCTIONS

### Agreed Instruction No. 5:  Issues To Be Decided

I will now give you some instructions about the issues to be presented to you at this trial

and the law that you must follow in reaching your verdict.  At the close of trial, you will be given

a verdict form and questions that you must answer in reaching your verdict.  I will then give you

more specific instructions to follow.

## PRELIMINARY INSTRUCTIONS

### Agreed Instruction No. 6:  Burdens of Proof

The parties and I will refer to [**a burden of proof**/*two different burdens of proof*] – [*"preponderance of the evidence" and*] "clear and convincing evidence."

[*"Preponderance of the evidence" means evidence that persuades you that a claim is more likely true than not true.  In determining whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the stipulations, the testimony of all witnesses regardless of who may have called them, and all exhibits received in evidence regardless of who may have produced them.*]

"Clear and convincing evidence" means evidence that produces in your mind a firm belief or conviction as to the matter at issue.  In determining whether any fact has been proved by clear and convincing evidence, you may, unless otherwise instructed, consider the stipulations, the testimony of all witnesses regardless of who may have called them, and all exhibits received in evidence regardless of who may have produced them.  [**The clear and convincing evidence standard does not require proof to an absolute certainty**/*Although proof to an absolute certainty is not required, the clear and convincing evidence standard requires a greater degree of persuasion than is necessary for the preponderance of the evidence standard*].

**Source**:  Fifth Judicial Circuit Pattern Jury Instructions (Civil Cases), General Instruction For Charge §§2.14, 2.20 (as modified) (2006).

## PRELIMINARY INSTRUCTIONS

### Agreed Instruction No. 7: Willful Infringement

The Plaintiff also claims that each Defendant has willfully infringed claims 42, 44, 46, 48, 68, 70, and 72 of the '069 Patent.  To prove that a Defendant willfully infringes, the Plaintiff must prove that the Defendant knew of the '069 Patent and acted with "reckless disregard" of the '069 Patent claims.  I will explain what is meant by "reckless disregard" of a patent in more detail at the conclusion of the evidence.  The Plaintiff has the burden of proving willful infringement by clear and convincing evidence.

439757.01

**PRELIMINARY INSTRUCTIONS**

**Agreed-in-Part/Disputed-in-Part Instruction No. 8: Defendants' Contentions – Invalidity – General**

The Defendants contend claims 42, 44, 46, 48, 68, 70, and 72 of the '069 Patent are invalid.  [**An issued patent is accorded a presumption of validity based on the presumption that the U.S. Patent and Trademark Office acted correctly in issuing a patent.**][3, 4]  It is your job to determine whether or not the legal requirements of patentability were met; that is, it is your job to determine whether or not the patent is invalid.

I will now explain to you briefly the legal requirements for each of the grounds of the Defendants' contention that these claims are invalid.  I will provide more details for each ground in my final instruction.

---

[3] **CSIRO's Statement**:  Pursuant to 35 U.S.C. §282, CSIRO's patent is entitled to a presumption of validity.  The fact that the PTO has granted a reexamination request does not negate that presumption of validity afforded by §282.

[4] **Defendants' Statement:**  As outlined in the parties' Joint Submission, Defendants believe that the '069 patent should not be accorded any presumption of validity in light of (1) the fact that the prior art cited by Defendants was never before the Examiner; and (2) the fact that the PTO has decided to re-examine the patent in light of new prior art.  *See*, *infra*, n.6

439757.01

# PRELIMINARY INSTRUCTIONS

## Agreed-in-Part/Disputed-in-Part Instruction No. 9: Invalidity – Anticipation

The Defendants contend the inventions recited in certain of claims 42, 44, 46, 48, 68, 70, and 72 of the '069 Patent are not new.  An invention that is not new is said to be "anticipated" by the prior art.  In order to prove that a claim is anticipated, the Defendants must show that each and every limitation of the claim is either expressly or inherently present in a single item of prior art.  A finding of anticipation requires that the prior art reference describes all of the elements of a claim, arranged as in that claim if that claim requires arrangement.

The Defendants must prove anticipation by **[clear and convincing/***a preponderance of the***]**[5, 6] evidence.

---

[5] CSIRO contends the proper burden of proof for invalidity is "clear and convincing evidence." *See* 35 U.S.C. §282; *Impax Labs., Inc. v. Aventis Pharms. Inc.*, 545 F.3d 1312, 1314 (Fed. Cir. 2008) ("An issued patent enjoys a presumption of validity... [t]hus, a party challenging patent validity has the burden to prove its case with clear and convincing evidence."); *In re Swanson*, 540 F.3d 1368, 1377 (Fed. Cir. 2008) ("a challenger who attacks the validity of patent claims must overcome the presumption of validity with clear and convincing evidence that the patent is invalid."); *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522, F.3d 1299, 1305 (Fed. Cir. 2008) ("the fact that [certain] prior art was never before the PTO does not change the presumption of validity or who has the burden of proof with respect to the prima facie case of invalidity.  [T]he party asserting invalidity must still show by clear and convincing evidence that the asserted patented in invalid."); *Am. Seating Co. v. USSC Group, Inc.*, 514 F.3d 1262, 1267 (Fed. Cir. 2008) ("A patent carries a statutory presumption of validity, [ ] so USSC had the burden to show by clear and convincing evidence that the inventors ... placed their invention in public use more than one year before filing the '038 application.").

[6] Defendants and Buffalo contend the proper burden of proof is "preponderance of the evidence" for prior art invalidity issues because the invalidating art was never considered by the U.S. Patent and Trademark Office ("PTO") during the original prosecution of CSIRO's asserted '069 patent, and in light of the PTO's recent decision to reexamine the '069 patent for sixteen "substantial new questions of patentability."  CSIRO has explained that it bases its "clear and convincing" burden on the presumption that the U.S. Patent and Trademark Office has done its job.  That same reasoning must apply to the PTO's decision to institute the reexamination and its finding of new questions of patentability, with the net effect of reducing the invalidity burden Defendants must shoulder with regard to prior art previously not considered by the PTO.
The following cases support Defendants' position:

Continued on the next page

439757.01

Continued from the previous page

- *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 426 (2007) (noting that "the rationale underlying the presumption [of validity]—that the PTO, in its expertise, has approved the claim—seems much diminished" where it rests on evidence the PTO has not considered);

- *In re Etter*, 756 F.2d 852 (Fed. Cir. 1985) (en banc);

- *Baumstimler v. Rankin*, 677 F.2d 1061, 1065-1066 (5th Cir. 1982) (presumption of validity weakened when prior art has not previously been considered by PTO);

- *Mfg. Research Corp. v. Graybar Elec. Co.*, 679 F.2d 1355, 1363 (11th Cir. 1982) ("[T]he presumption of validity that attaches to an issued patent is seriously eroded when relevant prior art was not before the Patent Office.");

- *Futorian Mfg. Corp. v. Dual Mfg. & Eng'g, Inc.*, 528 F.2d 941, 943 (1st Cir. 1976) ("[T]o the extent patent office attention has not been directed to relevant instances of prior art the presumption of validity arising from the issuance of a patent is eroded.");

- *U.S. Expansion Bolt Co. v. Jordan Indus., Inc.*, 488 F.2d 566, 569 (3d Cir. 1973) (presumption of validity weakened because prior art not previously considered by PTO);

- *Preformed Line Prods. Co. v. Fanner Mfg. Co.*, 328 F.2d 265, 271 (6th Cir. 1964) (presumption of validity is weakened if applicable prior art is not considered by Patent Office);

- *Cont'l Can Co. v. Old Dominion Box Co.*, 393 F.2d 321, 326 n.8 (2nd Cir. 1968) ("The presumption of validity attaching to issued patents is substantially weakened by the failure of the Patent Office to consider important prior art. . . .");

- *Marston v. J.C. Penney Co.*, 353 F.2d 976, 982 (4th Cir. 1965) (presumption of validity conversely is "weakened or destroyed" where relevant art was not cited or considered by PTO);

- *Ralston Purina Co. v. Gen. Foods Corp.*, 442 F.2d 389, 390 (8th Cir. 1971) ("The presumption of validity normally afforded to a patent is weakened, if not completely destroyed, by proof of pertinent prior non-considered art.");

- *Jaybee Mfg. Corp. v. Ajax Hardware Mfg. Corp.*, 287 F.2d 228, 229 (9th Cir. 1961) ("[E]ven one prior art reference which has not been considered by the Patent Office may overthrow this presumption.");

- *Turzillo v. P. & Z. Mergentime*, 532 F.2d 1393, 1399 (D.C. Cir. 1976) ("The statutory presumption of validity does not apply to prior art not cited to the Patent Office, and even one prior art reference not cited to the examiner overcomes the presumption.");

- *Henry Mfg. Co. v. Commercial Filters Corp.*, 489 F.2d 1008, 1013 (7th Cir. 1972) (presumption of validity "does not exist against evidence of prior art not before the Patent Office" and "[e]ven one prior art reference not considered by the Patent Office can suffice to overthrow the presumption.");

Continued on the next page

439757.01

---

Continued from the previous page

- *Plastic Container Corp. v. Cont'l Plastics of Okla., Inc.*, 708 F.2d 1554, 1558 (10th Cir. 1983) (bases for presumption of validity "vanishes" if the PTO failed to consider relevant prior art).

## PRELIMINARY INSTRUCTIONS

### Agreed-in-Part/Disputed-in-Part Instruction No. 10: Invalidity – Obviousness

The Defendants also contend claims 42, 44, 46, 48, 68, 70, and 72 of the '069 Patent are invalid for obviousness.  A patent claim is invalid, even if it is not anticipated by the prior art, if the claimed invention would have been obvious to a person of ordinary skill in the field of the invention at the time it was made.  The ordinary skilled person is a person of average education and training in the field of the invention and is presumed to be aware of all of the relevant prior art.  You will hear evidence about the skill and experience of such a skilled person during the course of trial.

The Defendants must prove obviousness by [**clear and convincing**/*a preponderance of the*][7] evidence.

---

[7] *See*, *supra*, n. 6 for Defendants' legal bases for applying the preponderance of the evidence standard.

439757.01

DATED: April 12, 2009                    Respectfully submitted,


                                         By:  /s/ Julie J. Han
                                         Daniel J. Furniss
                                         CA State Bar No. 73531
                                         djf@townsend.com
                                         Gary H. Ritchey
                                         CA State Bar No. 136209
                                         ghritchey@townsend.com
                                         Julie J. Han
                                         CA State Bar No. 215279
                                         jjhan@townsend.com
                                         TOWNSEND AND TOWNSEND AND CREW LLP
                                         379 Lytton Avenue
                                         Palo Alto, CA 94301
                                         Telephone: (650) 326-2400
                                         Facsimile: (650) 326-2422

                                         S. Calvin Capshaw
                                         State Bar No. 03895700
                                         ccapshaw@capshawlaw.com
                                         Elizabeth L. DeRieux
                                         State Bar No. 05770585
                                         ederieux@capshawlaw.com
                                         CAPSHAW DERIEUX, LLP
                                         1127 Judson Road, Suite 220
                                         P.O. Box 3999
                                         Longview, Texas 75601-5157
                                         Telephone: (903) 236-9800
                                         Facsimile: (903) 236-8787
                                         Counsel for COMMONWEALTH SCIENTIFIC AND
                                         INDUSTRIAL RESEARCH ORGANISATION


                                         By:  /s/ Matthias Kamber by permission JJH
                                         Robert A. Van Nest (Pro Hac Vice)
                                         Matthias Kamber
                                         KEKER & VAN NEST, L.L.P.
                                         710 Sansome Street
                                         San Francisco, CA 94111
                                         Counsel for INTEL CORPORATION


                                         By:  /s/ Brian D. Range by permission JJH
                                         Brian D. Range
                                         State Bar No. 24033106
                                         WILSON, SONSINI, GOODRICH & ROSATI
                                         8911 Capital of Texas Highway
                                         Westech 360, Suite 3350
                                         Austin, Texas 78759
                                         Telephone: (512) 338-5400

- 18 -

Facsimile: (512) 338-5499
E-mail: brange@wsgr.com

James A. DiBoise
WILSON, SONSINI, GOODRICH & ROSATI
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
E-mail: jdiboise@wsgr.com

Jennifer A. Ochs
Christopher R. Parry
Ryan R. Smith
WILSON, SONSINI, GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
E-mail: jochs@wsgr.com
E-mail: cparry@wsgr.com
E-mail: rsmith@wsgr.com
Counsel for NETGEAR, INC.


By: /s/ Daniel T. Conrad by permission JJH
Thomas R. Jackson, Esq.
*Lead Attorney*
Texas State Bar No. 10496700
E-mail: trjackson@jonesday.com
Daniel T. Conrad, Esq.
Texas State Bar No. 24026608
E-mail: dtconrad@jonesday.com
Stacey Garrett White, Esq.
Texas State Bar No. 24053220
E-mail: sgwhite@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100
Counsel for DELL, INC.


By: /s/ Irfan A. Lateef by permission JJH
Vito A. Canuso III
Irfan A. Lateef (Pro Hac Vice)
KNOBBE, MARTENS, OLSON &
BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

- 19 -

E-mail: LitTAISL.007L@kmob.com

Melvin R. Wilcox (Lead Attorney)
State Bar No. 21454800
YARBROUGH - WILCOX, PLLC
100 E. Ferguson, Suite 1015
Tyler, TX 75702
Telephone: (903) 595-1133
Facsimile: (903) 595-0191
E-mail: mrw@yw-lawfirm.com
Counsel for TOSHIBA AMERICA
INFORMATION SYSTEMS, INC.


By: /s/ Eric H. Findlay by permission JJH
Eric H. Findlay
*Lead Attorney*
State Bar No. 00789886
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 500
Tyler, Texas 75702
Telephone: 903/597-3301
Facsimile: 903/597-2413
E-mail: efindlay@rameyflock.com

Thomas Friel (pro hac vice)
Timothy Teter (pro hac vice)
Matthew Brigham (pro hac vice)
Lowell Mead (pro hac vice)
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
E-mail: frieltj@cooley.com
E-mail: teterts@cooley.com
E-mail: brighammj@cooley.com
E-mail: meadld@cooley.com
Robert W. Faris (pro hac vice)

John Lastova (pro hac vice)
NIXON & VANDERHYE, P.C.
901 North Glebe Road 11th Floor
Arlington, Virginia 22203
Telephone:  (703) 816-4000
Facsimile: (703) 816-4100
E-mail: rwf@nixonvan.com
E-mail: jrl@nixonvan.com
Counsel for NINTENDO OF AMERICA INC.


By: /s/ Nicholas J. Whilt by permission JJH
Nicholas J. Whilt (Pro Hac Vice)

- 20 -

O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Herbert A. Yarbrough
State Bar No. 22133500
100 E. Ferguson St., Suite 1015
Tyler, Texas 75702
Telephone: (903) 595-3111
Facsimile:  (903) 595-0191
Counsel for BELKIN CORPORATION


By: /s/ Richard Vasquez by permission JJH
Richard C. Vasquez
*Lead Attorney*
Jeffrey T. Lindgren
Eric W. Benisek
MORGAN MILLER BLAIR,
A LAW CORPORATION
1331 N. California Blvd., Suite 200
Walnut Creek, CA 94596
Telephone: (925) 937-3600
Facsimile: (925) 943-1106
E-mail: rvasquez@mmblaw.com
E-mail: jlindgren@mmblaw.com
E-mail: ebenisek@mmblaw.com
William J. Cornelius, Jr., Esq.
State Bar No. 04834700
WILSON, ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5091
E-mail: wc@wilsonlawfirm.com
Counsel for ACCTON TECHNOLOGY CORP. USA,
SMC NETWORKS, INC., 3COM CORPORATION,
AND D-LINK SYSTEMS, INC.


By: /s/ John Bufe by permission JJH
Takahiro Miura
Kenneth Wilcox
Frank J West
Richard D Kelly
Robert C Mattson
Oblon Spivak McClelland Maier & Neustadt PC
1940 Duke St
Alexandria , VA 22314
Telephone:  703/412-6217
Facsimile: 703/413-2220
E-mail: tmiura@oblon.com

- 21 -

439757.01

E-mail:  kwilcox@oblon.com
E-mail:  fwest@oblon.com
E-mail:  rkelly@oblon.com
E-mail:  rmattson@oblon.com

Allen Franklin Gardner
John Frederick Bufe
Michael Edwin Jones
Potter Minton PC
110 N. College
Suite 500
P.O. Box 359
Tyler , TX 75710-0359
Telephone:  903/597-8311
Facsimile:  903/593-0846
E-mail: allengardner@potterminton.com
E-mail: johnbufe@potterminton.com
E-mail: mikejones@potterminton.com
Counsel for BUFFALO TECHNOLOGY (USA), INC.
and BUFFALO INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 12th day of April, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Julie J. Han
Julie J. Han

61807756 v1

- 23 -

439757.01